McCONNELL v. KENNEDY.

1. Where, in action for false imprisonment, the testimony shows that there was no false imprisonment and a non-suit was properly granted, whether the judge erred in permitting an amendment of the answer at the trial is an immaterial question.

2. The code has abolished all distinctions between the different forms of actions, but has not interfered with the distinctions existing between causes of action. The distinction between a cause of action for false imprisonment and for malicious prosecution, stated.

3. *Garvin* v. *Blocker and Malone*, 2 Brev., 157, distinguished and doubted.

4. A person properly arrested by lawful authority cannot maintain an action for false imprisonment againt a party causing such arrest.

5. An affidavit and warrant charging that a party feloniously and with the intention of fraud did make false entries on the cash book of his employer, the prosecutor, to the great injury and injustice of the prosecutor, "plainly and substantially" sets forth the offence charged; and this is all that the law requires.

6. False entries by a book-keeper in his employer's cash book, made with fraudulent intent, constitutes the crime of forgery.

7. A minor is ineligible to the constitutional office of constable, but he may be specially deputized to execute a particular warrant of arrest; and a person arrested by a minor under such special authority is lawfully arrested.

8. The prosecutor, it would seem, is not liable to an action for false imprisonment, where, without his agency, the warrant is placed for exe-

cution in the hands of a person not legally competent to make an arrest.

9. The complaint alleged that in order to secure his release from unlawful imprisonment, plaintiff was compelled to execute a covenant not to sue prosecutor. *Held,* that this did not allege that the prosecution was instituted for that purpose.

10. *Query,* can a party arrested under proper legal process, but really prosecuted for the purpose of enabling the prosecutor to extort from him an instrument of writing, maintain an action for false imprisonment by alleging these facts in his complaint?

Before Hudson, J., Williamsburg, November, 1887.

This was an appeal from an order of non-suit, which was as follows:

It is conceded by counsel on both sides, in their argument of this matter, that this is an action for false imprisonment. It is conceded that a warrant was issued by trial justice Hammett on 16th day of February, 1886, upon an affidavit sworn out by the present defendant, W. H. Kennedy. The position taken by counsel for defendant is, that a warrant was issued upon the regular form of affidavit, and that the affidavit given by the defendant contains the charge fully and substantially set forth. The position is taken in reply to this, that the affidavit is not according to the statute, and that it is not sufficient to base an indictment on. I hold that this affidavit is valid, according to the requirements of law, and that it contains enough of the technicalities upon the surface to show that an offence has been committed.

The present plaintiff being at that time a clerk of W. H. Kennedy, it appears upon the preliminary examination that fraudulent entries were made by the clerk; that he did make false entries upon the cash book of Kennedy, greatly to his injury. I hold that if the clerk in the employ of the merchant, and keeping his books, made false entries therein, and by that act injured the merchant, and for the purpose of injuring the merchant, did it with fraudulent intent, he committed the crime of forgery. I am not considering the guilt or innocence of the party charged in this indictment, and I do not mean to say whether the charge is fraudulent or not; the charge is not the question at issue, it is

simply as to the formality of the affidavit. I hold that this is a legal warrant, and do not mean by that that the party charged is guilty, but simply say that the present plaintiff here was arrested under a warrant based upon a sufficient affidavit to charge a crime.

It is not charged in the complaint that the intent and purpose of the arrest was to extort money or to extort an agreement. It is charged that it was done maliciously and with intent to injure the character and reputation of the plaintiff, and that an arrest was made contrary to law, and that he did sign an agreement, being under duress, not to bring action against W. H. Kennedy on account of his arrest. There is no allegation in the complaint that an agreement was extorted; that is sufficient to justify me in not sending it to the jury for false imprisonment. If they proceeded regularly with the arrest, and by due process of law, there is no false imprisonment unless it be absolutely proved that the imprisonment was utterly groundless, and that the process of law was not regular. I find no such irregularities in the process.

So, after hearing the argument in this case, I find no question to be submitted to the jury. I hold that the complaint is utterly void to prove the question of false imprisonment. False imprisonment, under our law, is imprisonment that is illegal; done with intent to deprive one of his liberty without due process of law. In this case the process was according to law. Therefore, the motion for non-suit in this case will be granted.

Other matters are stated in the opinion of this court.

*Messrs. Gilland & Haynsworth*, for appellant.

The amendment of the answer was improperly allowed. *Pom. Rem.*, 435; *Code*, § 194; 18 *S. C.*, 316; 21 *Id.*, 225, 226; 24 *Id.*, 171, 438. The process under which plaintiff was arrested was void. *Const.*, art. 1, §§ 13, 22; *Gen. Stat.*, § 830; *Code*, § 163; 9 *S. C.*, 315. The affidavit describes no crime at all. *Russ. Cr.*, 318; *Gen. Stat.*, § 2527; 2 *Bish. Cr. L.*, §§ 523, 533, 538, 545, 586; 2 *Arch. Cr. Pl. & Pr.*, 1624, 1625. Whoever procures an arrest under void process is a trespasser. 2 *Wait Act. & Def.*, 307, 316, 317, 319. If an arrest is made

under a legal warrant for the purpose of forcing a settlement of a civil action, it is false imprisonment. 3 *Wait Act. & Def.*, 319; 2 *Brev.*, 157; 11 *Rich. Eq.*, 33. The affidavit being insufficient, the action will lie. 17 *Barb.*, 179; 7 *Gray*, 59; 2 *Str.*, 993. Bingham was a special constable, if anything, and without authority to execute this warrant. 51 *Barb.*, 546; 6 *Id.*, 654; 104 *Mass.*, 224. A minor cannot be a constable. *Gen. Stat.*, § 864. The complaint need not allege the purpose of the prosecution; that is matter of proof. *Code*, §§ 190, 191; 3 *S. C.*, 411.

*Messrs. Earle & Purdy*, contra.

The amendment to the answer was properly allowed. *Code*, §§ 194; 16 *S. C.*, 234; 19 *Id.*, 560; 22 *How. Pr.*, 229; 44 *Id.*, 13; *Boone Code Pl.*, § 231. The warrant was regular and valid. *Gen. Stat.*, § 830; 8 *Rich.*, 20; 2 *Bail.*, 290; *Dudley*, 295, 296. The offence set forth is forgery. 2 *Whart. Cr. L.*, §§ 1418, 1431; 2 *Arch. Cr. Pr. & Pl.*, 1565, 1597. The affidavit certainly charges breach of trust with fraudulent intent. *Gen. Stat.*, § 2493. If extorting a settlement was the purpose of the prosecution, it should have been alleged in the complaint. *Code*, § 163; *Boone Code Pl.*, § 10. But no action would lie here for false imprisonment; the remedy was malicious prosecution. 4 *E. D. Smith*, 445; 1 *Hilt.*, 45; 106 *Mass.*, 289; 1 *Hill. Torts*, 216; 32 *Ark.*, 605; 33 *Id.*, 316; 35 *Ind.*, 285; 1 *Cold.*, 212; 39 *Barb.*, 253.

July 13, 1888. The opinion of the court was delivered by

Mr. Justice McIver. The plaintiff in his complaint, which is styled a "complaint for false imprisonment," alleges substantially: 1st. That the defendant maliciously, and with intent to injure the plaintiff, caused and procured the arrest and imprisonment of the plaintiff "without reasonable cause and without any right or authority." 2nd. That while plaintiff was so unlawfully imprisoned, he was compelled, in order to secure his release, to execute a deed to defendant, covenanting not to bring any action against defendant on account of said false imprisonment, which said deed was executed under duress, and is therefore void.

The defendant answered, 1st. Denying each and every allegation not thereinafter specifically admitted. 2nd. That defendant being a merchant, had plaintiff in his employment as clerk, and on account of his unfaithful and improper discharge of his duty as such, discharged him from his employment, in consequence of which a controversy arose between them as to whether he was liable to pay plaintiff for the entire year, or only up to the time of his discharge; that defendant subsequently discovered "that plaintiff had, in addition to many other derelictions of duty, made false and fraudulent entries in one of his account books," and defendant, believing as he did, that the making of such false entries was a crime punishable by law, "had a warrant issued as alleged in the complaint, but the defendant denies that the plaintiff was ever arrested under said warrant, but, as the defendant is informed and believes, the said warrant was put in the hands of one John Bingham, a minor of seventeen or eighteen years old, for service; but that the said Bingham informed the plaintiff of the existence of such a warrant, and the plaintiff went to the trial justice's office unarrested, and after an investigation the trial justice decided to bind the plaintiff over for his appearance at court, but the plaintiff not having a surety, was permitted by the trial justice to return home and procure a surety and return next day. On the return of the plaintiff the trial justice came with plaintiff to the house of defendant and proposed an adjustment of their differences; after a full and free discussion between them, they came to an agreement without the slightest threat or menace from the defendant, which was put in writing, mutually releasing each other from all claims, and the defendant discontinued the said prosecution, with the consent of the trial justice." Defendant also denies that he was actuated by malice, and alleges that he had probable cause for proceeding against plaintiff. In the 3rd paragraph of the answer defendant denies that there was any arrest or imprisonment of the plaintiff, because the warrant was placed in the hands of a minor, who was therefore incompetent to execute it.

At the trial the defendant moved to amend the answer by substituting the following substantially: For a first offence, a plea of misnomer. For a 2nd defence, a general denial of all the allega-

tions of the complaint, except such as shall be expressly admitted. For a 3rd defence, that he did, "upon information duly made under his oath, cause and procure the said J. N. Hammett, trial justice of said county and State, to issue his warrant, whereby, in substance, the said plaintiff is charged with having made sale of the defendant's goods while in the employment of the defendant as his clerk, and feloniously and designedly making false entries of said sales upon the defendant's cash book, with intent to defraud the defendant." That said warrant was valid and sufficient and was directed to any lawful constable, requiring him to arrest plaintiff and bring him before said trial justice to be dealt with according to law. For a 4th defence, that before procuring said warrant, defendant consulted counsel, and was advised that the facts stated in the affidavit upon which the warrant was issued, constituted a crime; that the warrant was procured in good faith, and was issued upon reasonable and probable cause; that he admits the execution of the deed referred to in the complaint, but denies that the same was under duress. To this amendment plaintiff objected, but after striking out the first defence the proposed amendment was allowed.

The plaintiff then introduced testimony tending to sustain the allegations of his complaint, and also introduced the warrant, together with the affidavit upon which it was based. The affidavit of defendant, omitting the formal parts, was as follows: "That one J. Z. McConnell did, on the 15th day of November, A. D. 1885, feloniously, and with the intention of fraud, make false entries on his cash book (he being employed by W. H. Kennedy as clerk), to the great injury and injustice of deponent." The warrant, with like omissions, was as follows: "Whereas complaint upon oath has been made unto me by W. H. Kennedy that * * * one J. Z. McConnell did make sales of goods, and feloniously, designedly, and fraudulently enter the same falsely, thereby falsifying his books," &c. This warrant contained the following endorsements: "1 hereby appoint Johnnie Bingham a special constable to execute the within process," signed by the trial justice. And also a certificate signed by said Johnnie Bingham, as follows: "I hereby certify that I have arrested defendant and brought him before J. N. Hammett, trial justice."

At the close of the ·testimony on the part of the plaintiff, the defendant moved for a non-suit, which was granted, upon the ground that the action being for false imprisonment, it could not be sustained if the arrest and imprisonment was made under legal process; and the Circuit 'Judge holding that it was, rendered judgment of non-suit.

From this judgment plaintiff appeals upon the several grounds set out in the record. The first ground imputes error in allowing the amendments to the answer. The second, third, and fourth grounds, in different forms, raise what we understand to be the fundamental question in this case, viz., whether the affidavit and warrant issued thereon were sufficient in law to authorize the arrest of defendant. The 5th ground is as follows : "Because his honor erred in holding that even if said affidavit was regularly issued, yet the defendant, who was the prosecutor, could not be held responsible therefor in this action." The 6th, "Because he erred in holding that an arrest under regular warrant for the purpose of extorting a settlement of a civil action does not constitute false imprisonment." The 7th. "Because he erred in holding that even if an arrest under regular process for the purpose of extorting the settlement of a civil action were false imprisonment, yet the plaintiff could not recover therefor in this action, because the complaint did not set forth the facts constituting that cause of action." The 8th. "Because he erred in holding that the plaintiff had produced no evidence showing that he had been falsely imprisoned by the defendant." The 9th ground is too general to require any notice.

Under the view taken by the Circuit Judge, after the plaintiff closed his testimony, in considering the motion for a non-suit, and under the view which we take of this case, we do not see that the question raised by the first ground of appeal is material. If the action is to be regarded, as we think it must be, as an action for false imprisonment, and the plaintiff by his testimony has shown that the arrest and imprisonment of which he complains, was made under legal process, regular in form, and lawfully issued and executed, then he has proved himself out of court by showing that there was no *false* imprisonment, and hence that he had no such cause of action as that upon which his

complaint was based.    It seems to us that the gist of the action
for false imprisonment is that one has been restrained of his lib-
erty without lawful authority, and where it appears that the
restraint or imprisonment complained of is under lawful process,
the action must necessarily fail.    It is quite true that one arrest-
ed and restrained of his liberty, even under lawful process, may
have a cause of action, if it is alleged and shown that the prosecu-
tion was malicious and was without probable cause, and has ter-
minated; but that is a different cause of action and depends upon
different allegations and proofs, and the action for malicious pro-
secution must not be confounded with an action for false impris-
onment.

While it is true that the code has abolished all distinctions
between the different *forms* of action, as previously recognized,
yet it has not in any way interfered with the essential and inher-
ent distinctions between the different causes of action.    Hence
where one brings an action for false imprisonment, all that it is
necessary for him to allege and prove is that he has been unlawful-
ly restrained of his liberty, and it is wholly immaterial to inquire
whether the charge against him, for which he has been arrested,
is well or ill founded in fact.    But when one brings an action
for malicious prosecution, the vital inquiry is not simply whether
the charge is well founded in fact, but whether it was made with-
out probable cause, and it is wholly immaterial to inquire into the
legality of the process by which the prosecution was commenced.
The foundation of the cause of action in the one case is the right
which even a guilty man has to be protected against any unlaw-
ful restraint of his personal liberty, while in the other it is found-
ed upon the right of an innocent man to be compensated in dam-
ages for any injury he may sustain by bringing against him a
groundless charge, even though such charge may be presented
and prosecuted in accordance with the strictest forms of law.
These views are fully supported by the case of *McHugh* v. *Pundt*
(1 Bail., 441), where the subject is elaborately discussed.

It is true that the zeal and industry of the counsel for appel-
lant has enabled him to find a case in this State which may
appear to be somewhat in conflict with the foregoing views. That
is the case of *Garvin* v. *Blocker and Malone*, 2 Brev., 157.    In

that case the plaintiff brought an action for false imprisonment against the justice of the peace who issued, and the constable who executed, the warrant; not against the person upon whose information the warrant was originally issued. It seems that the warrant was originally obtained in the spring of 1805, but no action was taken under it until the following January, when the plaintiff was arrested under it by the constable "who tied his hands together and carried him to Blocker's (the justice of the peace), where he was kept in confinement some time, and then released upon giving security to appear at court," &c. The opinion of the court was delivered by Grimke, J., as follows: "The defendants, at the trial, attempted to justify the arrest and imprisonment, but failed. The warrant which had issued nine months before the arrest, was stale and insufficient. It does not appear that the informant or prosecutor required it to be executed after such a lapse of time. All the circumstances, taken together, show that the justice of the peace (Blocker), who appears to have been the moving cause of the arrest and imprisonment, was actuated by malice in directing the constable to proceed on the stale warrant, when no recent application had been made to push or renew it; and the constable (Malone), even if the warrant would otherwise have been sufficient for his justification, can claim no protection from it, because he abused his authority, by which he became a trespasser *ab initio*. The defendants both appear to have acted with malice, and without any justifiable cause, and there is no good reason why a new trial should be granted."

It will be observed from this opinion, which we have set out in full, that there seemed to have been some confusion in the mind of the learned judge who delivered it as to the real ground upon which the defendants were held liable. His remark that the warrant "was stale and *insufficient*," and his further remark that the constable, "even if the warrant would otherwise have been *sufficient* for his justification, can claim no protection from it because he abused his authority, by which he became a trespasser *ab initio*," would seem to indicate that the ground upon which the decision was rested, was that the process under which plaintiff was arrested was illegal, and hence the arrest was with-

out lawful authority; and if this be the correct construction of the opinion, then it supports rather than contradicts the view presented above.    Or it may be that his idea was that, notwithstanding the fact that the warrant may have been sufficient to justify the arrest, yet the abuse of his authority by the constable made him a trespasser *ab initio ;* for there are cases which hold that even though the arrest may be originally lawful, yet where it is followed by an unnecessary degree of force and violence, such force and violence may make the party liable as a trespasser *ab initio ;* and in this view it will be observed that the syllabus incorrectly represents the decision in the case.    But the decision seems also to be rested, in part at least, upon the fact that the defendants were actuated by malice; and this ignores one of the main distinctions between the action for false imprisonment and malicious prosecution.    Whatever may be the correct view of the decision in that case, we do not find that it has been recognized in any subsequent case upon the subject, and we do not think it sufficient to overthrow the view hereinbefore taken as to the true foundation of an action for false imprisonment.

The real question in the case, then, is whether the arrest of the plaintiff was made by lawful authority.    This depends upon two inquiries: 1st. Whether the affidavit or warrant, either of them, was insufficient in law to authorize the arrest.    2nd. If not, whether the warrant could be lawfully executed by a minor.

This was a proceeding commenced before a trial justice, and in the General Statutes, section 830, it is provided that "All proceedings before trial justices in criminal cases shall be commenced on information under oath, plainly and substantially setting forth the offence charged, upon which, and only which, shall a warrant of arrest issue."    There is no doubt that this proceeding was commenced by information under oath, and the only question is, whether such oath or affidavit "plainly and substantially" sets forth the offence charged.    It is quite clear that even at common law, where the greatest strictness was observed in all criminal proceedings, it was never deemed necessary that the warrant or affidavit upon which it was based, should set forth the offence charged with the technical precision required in indictments.    1 *Chit. Cr. L.,* 42, and note; *State* v. *Killet,* 2 Bail.,

290; *State* v. *Everett & Potter*, Dud., 298; *State* v. *Rowe & Vaughn*, 8 Rich., 20. The manifest object of the provision of the General Statutes above quoted was to require that the offence with which a party was charged should be so set forth, "plainly and *substantially*," as would enable the party accused to understand the nature of the offence with which he was charged, so that he might be prepared to meet the charge at the proper time. It certainly never was designed to require any mere formality or technical accuracy in stating the offence; this, as we have seen, never was required, and it would be unfortunate for the interests of public justice that it ever should be.

Now, the charge made against the plaintiff, as set forth in the affidavit upon which the warrant of arrest issued, was, that on the day stated he did "feloniously and with the intention of fraud, make false entries on his cash book (he being employed by W. H. Kennedy as clerk), to the great injury and injustice of deponent," and in the warrant the charge is set forth substantially in the same way. Now, while it is true that the specific offence with which plaintiff was charged is not set forth *by name*, yet if the act with which he is charged—feloniously making false entries on his employer's cash book, with intent to defraud him—constitutes the crime of forgery, it seems to us that the offence is set forth more in accordance with the statute than if there had been a bald charge of forgery *eo nomine*. The party charged is plainly informed that the allegation is that he has feloniously done a certain act, and if that act constitutes an offence against the law, it seems to us the charge is quite sufficient.

The question, then, is whether the act which the plaintiff was charged to have done, constitutes the crime of forgery. That it is so, is fully shown by 2 *Wharton Criminal Law*, 1431, and the other authorities cited by counsel for respondent, as well as by 2 *Bishop Criminal Law*, section 586.

The next inquiry is, whether the fact that the warrant was executed by a minor, seventeen or eighteen years of age, rendered the arrest and consequent imprisonment unlawful. There can be no doubt that a minor, not being an elector, is ineligible to the office of constable, under the provisions of article XIV., section 1, of the Constitution, as well as because he would be

incompetent to execute the bond required of such an officer by section 864 of the General Statutes; but whether a person specially appointed by a trial justice to execute a particular warrant under the proviso to that section, as in the present case, is rendered incompetent by minority to do so, is another question. Such a person is not an officer in the sense of the constitutional provision—is not required to give a bond or to do any other act which it is incompetent for a minor to do. He is simply a private individual, appointed *pro hac vice*, to perform the duty of a constable, and we see no more reason why a minor of suitable age and discretion, may not have such authority delegated to him by a trial justice than that a sheriff could not call upon such a minor to act as one of the *posse comitatus ;* and surely it would not be contended that the sheriff in summoning his *posse* must be careful to see that each person so summoned had attained his majority. In addition to this, there is no evidence that the defendant had any agency whatever in entrusting the execution of the warrant to the minor Bingham, and even if, as a matter *strictissimi juris*, the minor was incompetent to execute the warrant, that fact alone would scarcely be sufficient to make the defendant a trespasser.

It seems to us, therefore, that the plaintiff, not only having failed to show that he was illegally arrested, but, on the contrary, having affirmatively shown that his arrest and imprisonment was by lawful authority, could not recover in this action, and hence there was no error in granting the non-suit.

As to the 5th ground of appeal, it would seem from the argument that it is misprinted in the record, and that the word "regularly" there used should be "irregularly." If so, then we do not find that the Circuit Judge made any such ruling; but if there is no misprint, then we have already disposed of the point made by that ground.

So, too, in regard to the 6th ground. We do not find that the Circuit Judge made such a ruling as is there attributed to him. What he said upon that subject is as follows: "It is not charged in the complaint that the intent and purpose of the arrest was to extort money or to extort an agreement. It is charged that it was done maliciously and with intent to injure

the character and reputation of the plaintiff, and that an arrest was made contrary to law, and that he did sign an agreement, being under duress, not to bring action against W. H. Kennedy on account of his arrest. There is no allegation in the complaint that an agreement was extorted ; that is sufficient to justify me not in sending it to the jury for false imprisonment." It was against this portion of the judge's decision which the 7th exception seems to be aimed, and that exeeption, it seems to us, necessarily implies that the Circuit Judge did not make the ruling imputed to him in the 6th exception.

We will therefore consider whether the 7th exception can be sustained. We agree with the Circuit Judge, that there were no allegations in the complaint setting forth as a cause of action the fact that the agreement had been extorted from the plaintiff; but, on the contrary, the allegations in reference to the execution of the agreement seem to have been inserted for the purpose of anticipating a plea in bar that the plaintiff had released the defendant from all liability to him, by reason of the alleged unlawful arrest. But to avoid misapprehension, although it is not to be regarded as a point decided in this case, we desire to say that we are not prepared to admit that a party whose arrest has been caused by another, under proper legal process, for the purpose of extorting a deed or other instrument of writing, can maintain an action for false imprisonment, even though his complaint may contain a specific allegation that such was the purpose of the arrest. He may, and doubtless would, be entitled to another remedy amply sufficient to redress such an injury, but we are not now prepared to say that he could obtain such redress by an action for false imprisonment. In such an action it does not seem to us that the motive with which the prosecution is instituted constitutes any element of the cause of action. If a prosecution is commenced against a party and he is arrested without lawful authority, the person who procures such arrest, no matter how pure or laudable may have been the motives of the prosecutor in instituting the prosecution, he may be liable to an action for false imprisonment, because he caused a citizen to be restrained of his liberty without lawful process, and his motive has nothing to do with the case, except, perhaps, as an element to be considered in measur-

ing the damages. So, on the other hand, if a prosecution is commenced, according to the strictest forms of law against a party, through malice and without probable cause, under which he is arrested and imprisoned, he cannot maintain an action for false imprisonment, though he may maintain an action for malicious prosecution; but the causes of action in the two cases are essentially different in their nature, and rest upon wholly different allegations and proofs.

The 8th ground of appeal is sufficiently considered in what we have already said.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.