· WHALEY v. LAWTON.

FALSE IMPRISONMENT.—A party suing out a warrant by going before a magistrate and making the necessary affidavit, upon which a warrant is issued, and party arrested by an officer, cannot be held liable for false imprisonment, even where the facts stated in the affidavit are afterwards held not to constitute a crime.

Before BUCHANAN, J., Charleston, December, 1900. Affirmed.

Action by W. S. Whaley against ·W. Wallace Lawton for false imprisonment. From judgment dismissing complaint on oral demurrer, plaintiff appeals.

*Messrs. T. B. Curtis* and *Young & Young,* for appellant, cite: 12 Ency., 2 ed., 754, 744, 721, 751, 752, 755, 752, note, 753, note, 758, 755; 11 Johns., 344; 17 Bar., 179; 9 Utah, 12; Addison on Wrongs, p. 400, 426, Wood's ed., sec. 798; 11 S. E. R., 367; 2 Stow., 412; 179 Pa. St., 539; 62 P., 303; 58 S. W., 437; 18 Cox C. C., 592; Addison on Torts, p. 426.

*Messrs. McCradys & Bacot* and *B. H. Rutledge,* contra, cite: *Exceptions not properly framed:* 40 S. C., 537; 17 S. C., 339; 57 S. C., 224; 59 S. C., 244, 303. *On the main question:* 29 S. C., 187; Criminal Code, sec. 19, 277; 58 S. C., 94; 18 L. R. A., 356; 57 S. C., 256; 3 Mees v. Welb., 419; 30 P. R., 818; 28 Fed. R., 351; 12 Ency., 2 ed., 754, 755.

November 29, 1901. The first opinion was delivered by

MR. JUSTICE POPE. This action was before this Court by appeal from the order of his Honor, Judge Klugh, refusing to hold that an order made by Judge Gary in an action between the same parties relating to the same subject matter should be held as a bar to the present action for damages flowing from a false imprisonment of the plaintiff at the instance of the defendant. This Court sustained the order of Judge Klugh, 57 S. C., 198, in which case Chief Justice McIver was careful to state the full history of this controversy, and, therefore, it is useless at this time to cumber this opinion with a restatement of the same matters. However, it may not be amiss to state just here that the contest of the same plaintiff and defendant as to the issue of malicious prosecution will be found decided in *Whaley* v. *Lawton*, 57 S. C., 256. When the action at bar, which is for false imprisonment, came on to be heard before his Honor, Judge Buchanan, and a jury at the November term, 1900, of the Court of Common Pleas for Charleston County, upon the complaint being read, the plaintiff announced that he had abandoned his first cause of action. Thus leaving the following, as the only cause of action:

"For a second cause of action: 1st. That on the 22d day of January, A. D. 1897, the defendant, without probable cause, charged the plaintiff before T. G. Disher, a magistrate in and for the county and State aforesaid, with having removed property under lien for rent, against the peace and dignity of the State of South Carolina, and procured the said magistrate to grant a warrant for his arrest, and then, without any right or authority, or cause so to do, arrested him and imprisoned him, the plaintiff, and *caused* him to be imprisoned and brought before the said magistrate, on the 26th day of January, 1897, whereby the said plaintiff was prevented from attending to his business, and injured in his credit, and against his will, restrained of his liberty, and the said defendant there, to wit: on the 26th day of January, 1897, again charged him, the plaintiff, with the said offense.

The said magistrate dismissed the said charge, and caused him, the said plaintiff, to be discharged out of custody.

"Wherefore, the plaintiff suffered damage in the amount of $5,000.

"Wherefore, the plaintiff demands judgment in the sum of $10,000 and costs."

Whereupon the defendant moved to dismiss the complaint upon the following oral demurrer:

"II. As to a second cause of action: It alleges that the plaintiff was arrested under a warrant procured to be issued by the defendant, thus alleging that he was arrested under legal process."

After full argument, Judge Buchanan passed the following order: "The defendant, having upon oral demurrer moved to dismiss the complaint on the ground that the same fails to state facts sufficient to constitute a cause of action, or causes of action, in that, as to the second cause of action, it alleges that the plaintiff was arrested under warrant procured to be issued by the defendant, thus alleging that he was arrested under legal process. And the plaintiff having withdrawn the first cause of action; after hearing argument of counsel, it is ordered and adjudged, that the demurrer to the second cause of action be, and is hereby, sustained, and the complaint dismissed. O. W. Buchanan, Judge presiding. 5th December, 1900."

The plaintiff then appealed from such judgment on the following grounds:

"First. Because his Honor erred in sustaining the oral demurrer to the complaint on the ground that same·fails to state facts sufficient to constitute a cause or causes of action. The complaint does state facts sufficient to constitute a cause of action, as said complaint alleges: That 'the defendant, without probable cause, charged the plaintiff before T. G. Disher, a magistrate in and for the county and State aforesaid, with having removed property under lien for rent, against the peace and dignity of the State of South Carolina, and *procured* the said magistrate to grant a warrant for his

arrest;' and then, without any right or authority, or cause to do so, arrested him and imprisoned him, the plaintiff, and *caused* him to be imprisoned.

"Second. That the complaint does further state facts sufficient to constitute a cause of action, inasmuch as it charges that the defendant, Lawton, charged the plaintiff with having removed property under lien for rent, the same not being a crime under the laws of South Carolina. Hence the warrant for arrest was void, and the law is that 'the persons who procured the issuance by a judicial officer of a void warrant of arrest is liable in damages for false imprisonment.'

"Third. The complaint does further state facts sufficient to constitute a cause of action, inasmuch as it alleges that the defendant procured the issuance against the plaintiff of a void warrant and caused his arrest thereunder, and a person who procures the issuance of a void warrant and causes an arrest thereunder, is liable in damages for false imprisonment to the party against whom it is issued, and who is arrested under it, 'and the procuring of a void warrant is *prima facie* evidence against him (*i. e.,* the defendant,) that he ordered and directed the arrest.'

"Fourth. And the complaint charges that Lawton '*procured*' the warrant to be issued, and '*caused*' him (Whaley) to be imprisoned."

I am impressed with the fact that the questions raised by the appeal relate to a demurrer, and that this is the method furnished under the law whereby a defendant admits as true, for the purposes of the hearing, the material facts as alleged in the complaint. Further, that conclusions of law should not appear in a complaint. While this is true, I have always been impressed with the conviction that a demurrer should not be sustained if it requires a strained construction of the allegations of fact contained in a complaint. Liberality should be shown in a construction of a complaint. Still, if with liberality of construction no cause of action is set out in the complaint, it should be dismissed and that promptly, for it is not proper that our Courts should be a

refuge for persons who by their very complaints show that they have no cause of action against those they summon to confront them with an alleged grievance. In studying these grounds of appeal from the order of Judge Buchanan, I have been impressed with them contrary to my first conclusion.

It has seemed to me that this Court has very nearly, if not quite so, decided that the plaintiff has a cause of action against the defendant, for when Chief Justice McIver was passing upon the appeal of the defendant from the order of Judge Klugh, as found in 57 S. C., at page 262, he said: "We are inclined to agree with Judge Gary, that the plaintiff had stated in his original complaint at least one good cause of action, to wit: the first cause of action for false imprisonment." If it was a good cause of action, a demurrer for failure to state facts sufficient to constitute a cause of action would not lie. But independent of this, upon principles of law applicable to the allegations of fact set out in this complaint, the plaintiff has set out a good cause of action. Accepting the definition of false imprisonment as set out in 12 Am. & Eng. Ency. of Law (2 ed.), at page 721: "As any unlawful detention of the person." Our own cases sustain such definition. There was no difficulty in the mind of the Circuit Judge as to this definition. His difficulty arose from the fact that in the plaintiff's complaint it was alleged that the plaintiff, Whaley, "was arrested under a warrant procured to be issued by the defendant, thus alleging that he was arrested under legal process." I think that the position of the Circuit Judge would have been unassailable if it was or had been admitted by the plaintiff "that he was arrested under legal process." I do not so understand the allegations of his complaint to make such an admission; for he alleges that the process for his arrest was *void.* Such process cannot be *legal* if it is *void.* The case of *McConnell v. Kennedy,* 29 S. C., 180, is misunderstood. I do not understand the judgment of this Court to hold any thing else in that case, on this point, than that a *legal warrant* would

defeat false imprisonment. Chief Justice McIver said, at page 186 of the case just cited: "If the action is to be regarded, as we think it must be,' as an action for false imprisonment, and the plaintiff has shown, by his testimony, that the arrest and imprisonment of which he complains was made *under legal process, regular in form and lawfully issued and executed,* then he has proved himself out of Court by showing that there was no *false* imprisonment, and hence that he had no such cause of action as that upon which his complaint was based" (italics mine). The hardest fought legal battle in *McConnell* v. *Kennedy, supra,* was over the question of legal process, viz: whether the affidavit and warrant of arrest was valid. This is shown on page 186 of the case just cited, where it is said: "The second, third and fourth grounds, in different forms, raise what we understand to be the fundamental question in this case, viz: whether the affidavit and warrant issued thereon *were sufficient in law* to authorize the arrest of the defendant" (italics mine). On page 189, this question is discussed, and Chief Justice McIver says, on that page: "The real question in the case, then, is whether the arrest of the plaintiff was made by lawful authority. This depends upon two inquiries: 1st. Whether the affidavit or warrant, either of them, was *insufficient in law to authorize the arrest.* 2d. If not, whether the warrant could be executed by a minor" (italics mine). Now, in the case at bar, the complaint alleges that the warrant was issued for an offense *which was not a crime.* The Circuit Judge must have overlooked the fact that this Court had decided that the warrant under which the plaintiff was arrested charged that he had removed property under lien for rent, and that such was not a *crime.* *Whaley* v. *Lawton,* 57 S. C., 263. Therefore, the warrant for the arrest of Whaley was unlawful and void. The complaint charges that Lawton caused and procured this alleged warrant to be issued. He, Lawton, is responsible to the plaintiff for any interference with his personal liberty under this illegal and void process. 12 A. & E. Ency. of Law (2d ed.), pages

744, 721, 752, 753, 758; Addison on Torts, p. 426. The defendant is bound by the form of his demurrer; by it he charges that "the complaint is defective because it is there alleged that the plaintiff was arrested under a warrant *procured* to be issued by the defendant—thus alleging that he was arrested under legal process." The complaint states that the warrant was without any right and authority.

For these reasons, I think the Circuit Court judgment should be reversed.

MR. CHIEF JUSTICE MCIVER *dissenting*. Being unable to concur in the conclusion reached by Mr. Justice Pope, I propose to state, as briefly as practicable, the grounds of my dissent. In the first place, it seems to me to be a mistake to suppose, as has been supposed, "that this Court has very nearly, if not quite so, decided that the plaintiff has a cause of action against the defendant." The language used by the writer of this opinion, in a former appeal in this same case, was used with reference to the case as it was *then* presented to this Court, and was, in express terms, applied to the *first* cause of action as it *then* appeared in the complaint. Now, however, since the first cause of action was "abandoned before trial," as stated in the "Case," the sole question is whether the facts stated in the *second* cause of action are sufficient to constitute a good cause of action; and surely an expression or intimation of opinion that the facts stated in the *first* cause of action were sufficient, cannot properly be regarded as an expression or even an intimation of opinion that the facts stated in the *second* cause of action were sufficient; especially when as it plainly appears that the facts stated in these two causes of action were essentially different. For in stating the first cause of action there was no allegation that the plaintiff had been arrested under a warrant, but, on the contrary, the allegations in stating the first cause of action were that "the defendant, by force, compelled the plaintiff to go with the deputies of the magistrate * * * to the office of the said magistrate * * * and then impris-

7—62

oned him, and then and there detained him, restrained him of his liberty for the space of two days, without probable cause and without any right or authority so to do, against the will of the plaintiff, whereby the plaintiff was damaged," &c. But in the allegation of facts upon which the second cause of action (the only one now before the Court) it is distinctly stated that the defendant, without probable cause, charged the plaintiff before the said magistrate "with having removed property under lien for rent * * * and procured the said magistrate to grant a warrant for his arrest, and then, without any right or authority or cause so to do, arrested him and imprisoned him, the plaintiff, and caused him to be imprisoned and brought before the said magistrate," &c. So that the difference between the facts upon which the first and second causes of action were based, is obvious and, indeed, essential; for in the first, the cause of action was based upon the allegation that the defendant, *by force,* compelled the plaintiff to go before the magistrate, and then imprisoned and detained him, restrained him of his liberty for the space of two days, without any allusion whatever to the issuing of any warrant or other legal process or to the plaintiff's arrest thereunder; whereas, the second cause of action is based upon the allegation that the plaintiff was arrested under a warrant obtained from a magistrate by the defendant, in which the plaintiff was charged "with having removed property under lien for rent." In other words, the first cause of action was based upon the allegation that the defendant had, by force, arrested the plaintiff and caused him to be restrained of his liberty, without the semblance of lawful process; whereas, the second cause of action was based upon the allegations that plaintiff was arrested and restrained of his liberty, under a warrant issued by the magistrate at the instance of the defendant. So that even if the language quoted by Mr. Justice Pope from the former opinion could be properly regarded as anything more than a passing remark of the writer of that opinion, and treated as an expression, or at least, an intimation of the opinion of

the Court, that the facts alleged in the statement of the first cause of action were sufficient to constitute a good cause of action, it does not, by any means, follow that the Court thought that the facts alleged in the statement of the second cause of action were sufficient to constitute a good cause of action, but rather the contrary; for the language used was expressly confined to the *first* cause of action; and when it was said that: "We are inclined to agree with Judge Gary, that the plaintiff had stated in his original complaint *at least one* good cause of action, *to wit:* the *first* cause of action for false imprisonment"—the natural implication would be that the Court did *not* think that the allegations of the second or any other cause of action would be sufficient (italics mine).

It is, however, due to Mr. Justice Pope that I should frankly and fully concede that I do not understand him as basing his conclusion entirely upon the remark made in a former appeal which I have just been considering, but that independent of and aside from any such remark, he contends that, upon the principles of law applicable to a case like this, the facts as alleged in the statement of the second cause of action are sufficient to constitute a good cause of action for false imprisonment. In this I cannot agree with him. In my judgment, the true rule is this: that where a person is arrested under a warrant which is apparently valid on its face, neither the person who sued out the warrant nor the officer who executed it is liable to an action for false imprisonment. To hold as it is proposed to hold in this case (as I understand it), that because the offense charged in the warrant has been *subsequently* held to be no crime, because no violation of the statute under which the prosecution was commenced, or to hold that a statute under which a given prosecution is commenced is unconstitutional and, therefore, null and void, would, it seems to me, establish a doctrine dangerous to the peace and good order of society. The rule in regard to sheriffs and other executive officers is well settled, that when any legal process, regular on its face, is placed in the hands of such an officer for execution, he is

under no obligation and, indeed, has no power to stop to inquire whether the warrant, for example, charges a violation of a statute or, if so, whether such statute is constitutional, for his plain duty is to execute the mandate of the process, and he subjects himself to no responsibility for so doing. As was held in *Bragg* v. *Thompson,* 19 S. C., 572, that an execution, regular in form, issued to enforce a void judgment, was a mandate to the sheriff which it was his duty to obey, whether it proceeded from a Court of general or limited jurisdiction, and he will be protected in everything done in the due and proper execution of such process. In that case, Mr. Justice McGowan, in delivering the opinion of the Court, used this language: "The sheriff is a ministerial officer. He is neither Judge nor lawyer. It is not his duty to supervise and correct judicial proceedings, but being an officer of Court, ministerial in character, he cannot impugn its authority nor inquire into the regularity of its proceedings. His duty is to obey." And after further discussing the subject and stating the rule very much as above, he says: "Any other doctrine would paralyze the arms, and necessarily destroy the efficiency of ministerial officers." It seems to me that a due regard for administration of justice makes it necessary to apply the same rule to a case where a private citizen sues out a warrant against another for some violation of a statute. For if he could do so at the peril of being mulcted in damages for false imprisonment in case such statute should afterwards be declared unconstitutional, or that the facts stated in the affidavit which he makes do not fall within the provisions of the statute *as afterwards* construed, it is obvious that such a doctrine would deter many good citizens from resorting to the law to obtain redress for their grievances. As is said in one of the cases, hereinafter cited: "This rule has been said to be founded in public policy, that parties may be induced freely to resort to the Courts for the enforcement of their rights and the remedy of their grievances, without the risk of undue pun-

ishment for their own ignorance of the law or for the errors of Courts."

It must be admitted that there is a conflict of authority as to this matter, but I am satisfied that the view which I have adopted is best supported by the weight of reason and authority. In 12 Ency. of Law, 2d edition, at page 754, it is said: "Where a warrant of arrest is voidable for error simply, the person procuring its issuance is not liable in an action for false imprisonment (citing quite a number of cases). That which was legally done at the time, it has been held, cannot be converted into a wrong by relation after the process has by judicial action been set aside. The rule of exemption above referred to is founded in public policy, and is alike applicable to civil and criminal remedies and proceedings, that parties may freely resort to the Courts for the enforcement of their rights without the risk of punishment for their ignorance of the law or for the errors of the Courts and judicial officers" (citing *Marks* v. *Townsend,* 97 N. Y., 590; *Winchester* v. *Everett,* 80 Maine, 535; 6 Am. St. Rep., 228). And on the next page of that very valuable work it is said: "And, indeed, it seems that, in order to render a person liable in damages for false imprisonment for an arrest on void warrant, there must be something more than a mere calling upon a magistrate to exercise his jurisdiction. Where a person merely states the facts to a judicial officer upon which a warrant issues, the former will not be liable, though the facts stated constitute no crime or the arrest was for the violation of an invalid municipal ordinance." These doctrines are based upon decided cases cited in the notes. One of the cases so cited is *Gifford* v. *Wiggins,* 50 Minn., 401; reported also in 18 Lawyer's Repts., annotated at page 356, in which case the plaintiff was arrested under a warrant issued by a magistrate, at the instance of the defendant, charging a violation of an ordinance of the village of Wilmar, and was tried and convicted and sentenced to imprisonment, from which he was subsequently discharged on the ground that the ordinance under

which he was convicted was unconstitutional; whereupon an action for false imprisonment was commenced, and it was held that the action could not be sustained. Mitchell, J., in delivering the opinion of the Court, uses this language: "It seems to be settled by an almost unbroken line of authorities that if a person merely lays a criminal complaint before a magistrate in a matter over which he has a general jurisdiction, and the magistrate issues a warrant upon which the person charged is arrested, the party laying the complaint is not liable for an assault and false imprisonment, although the particular case may be one in which the magistrate had no jurisdiction." And after saying that the law upon the subject was as well stated as anywhere by Lord Abinger, in *West* v. *Smallwood,* 3 Mees. & W., 417, proceeds to quote the language of that distinguished Judge as follows: "Where a magistrate has a general jurisdiction over the subject matter, and a party comes before him and prefers a complaint, upon which the magistrate makes a mistake in thinking it a case within his authority, and grants a warrant which is not justifiable in point of law, the party complaining is not liable as a trespasser, but the only remedy against him is by an action on the case, if he has acted maliciously." And Mr. Justice Mitchell, after citing several other cases, proceeds as follows: "This rule has been frequently applied where the facts stated in the complaint (meaning, evidently, the affidavit upon which the warrant is issued) did not constitute a public offense, and it can make no difference in principle whether this is because the facts do not bring the case within a valid statute or because the statute under which the proceedings are instituted is invalid. In either case, the acts charged constitute no offense, because there is no law making them such * * * The justice had a general jurisdiction over the subject matter, to wit: prosecutions for the violation of village ordinances. The defendant merely stated the case to the magistrate in a complaint without, so far as appears, bad faith or malice. The magistrate erred in thinking that the ordinance was valid and that it was,

therefore, a case within his authority, and issued a warrant which was not justifiable in point of law, and the plaintiff was arrested. Under such a state of facts the complainant (meaning, of course, the person who sued out the warrant) is not liable. Under any other doctrine a person would never feel safe in making complaint of the commission of a public offense until the validity of the statute creating the offense had been passed upon by the Court of last resort." In the notes to the case just quoted from, as reported in the L. R. A., several cases both *pro* and *con* are referred to, amongst which is *Carratt* v. *Morley,* 1 Q. B., 18, where Lord Chief Denman is quoted as using this language: "A party who merely originates a suit by stating his case to a Court of justice, is not guilty of trespass, though the proceedings should be erroneous or without jurisdiction."

Now, in this case, the complaint in stating the several causes of action (the only one which was before the Circuit Judge and the only one before us—the first cause of action having been abandoned *before trial*) simply charges, practically, the defendant with having procured a warrant from the magistrate, in which the defendant was charged with removing property under a lien for rent, under which the plaintiff was arrested and carried before the magistrate. There is no allegation that the defendant did any other act than simply to sue out the warrant. There is no allegation that the defendant assisted or in any way actively participated in the *actual* seizure or detention of the plaintiff's person, as seems to be regarded in some of the cases as important. It is true that the appellant in his supplemental argument has attempted by a strained construction of the language of the complaint, to argue that the complaint does in fact charge that the defendant actively participated in making the arrest and did in fact arrest the plaintiff himself. But such a construction of the language of the complaint is, in my opinion, wholly inadmissible, and would never have been thought of but for the exigency of the appellant. It is quite true that the rule in passing upon a demurrer is that the Court should

give a liberal construction to the language of the complaint, but the construction contended for passes far beyond the bounds of liberality, and really amounts to a perversion of the language of the complaint. I do not see how it is possible that any fair-minded person in reading this complaint could for a moment suppose that the intention was to charge the defendant with having actively participated in making the arrest. All that the plaintiff intended to charge and all that he did charge the defendant with having done, is simply that he sued out the warrant by going before the magistrate and making the necessary affidavit, just in the same way as every other criminal prosecution is instituted; and that, as I have attempted to show above, constitutes no basis for an action for false imprisonment. The fact that the plaintiff in his complaint alleges that the defendant, "without probable cause," charged the plaintiff before the magistrate "with having removed property under a lien for rent," cannot affect the question, for the allegation that the defendant, *without probable cause,* instituted the prosecution, is quite appropriate, indeed essential, in a complaint for *malicious prosecution;* it is wholly inappropriate to a complaint for *false imprisonment,* and the presence or absence in a complaint for false imprisonment is wholly immaterial.

I am, therefore, of opinion that there was no error on the part of the Circuit Judge in sustaining the demurrer, and hence his judgment should be affirmed. The majority of the Court holding this view, the judgment of the Circuit Court is affirmed.

MESSRS. JUSTICES GARY *and* JONES *concur in the dissenting opinion of the Chief Justice.*