BARFIELD v. COKER & CO.

1. RESIDENCE—VENUE.—Place of residence depends upon party's intention as evidenced by his acts and declarations, and finding of Circuit Judge thereon on motion for change of venue is one of fact. Party held to reside where his family lives, although he does business in another county and only visits his faimly occasionally.
2. DISCRETION—IBID.—Determination of motion to change venue because of convenience of witnesses is within discretion of trial Judge.
3. NEW TRIAL—VERDICT.—Where a verdict against one of two defendants is set aside, the case is restored to its original status against both defendants.

4. Damages—Crops—Pleadings.—A Complaint alleging that defendants entered the premises of plaintiff and unlawfully, wilfully, etc., seized and carried away plaintiff's crops, states a cause of actionable injury.

5. False Imprisonment — Malicious Prosecution — Pleadings.—To charge false imprisonment it is only necessary to allege and prove unlawful restraint of liberty, whether the charge is well or ill-founded, is immaterial. Distinction between false imprisonment and malicious prosecution stated. Allegations that plaintiff was "arrested," "was taken in charge" and "kept in custody without reasonable cause," do not imply an arrest under lawful authority.

6. Partnership—Crops—False Imprisonment.—Suit for unlawful seizure of crops and for false imprisonment may be maintained against members of a copartnership on a complaint naming them.

7. Election of remedies does not apply in an action based on a complaint stating two separate and distinct causes of action.

8. Agricultural Lien.—Holder of agricultural lien must apply proceeds of sale of crops covered by lien to lien debt, whether he has knowledge or not that the funds were the proceeds of such crops.

9. Ibid.—Damages.—That a magistrate has issued a warrant for seizure of crops does not relieve lienor of liability for damages, if he knew the debt was actually paid when warrant was issued, or if he participated in the seizure and appropriated the crops without sale.

10. Appeal.—Request to charge being erroneous, no reversible error in favor of requestor is made by charging it with modification, even though the modification does not relieve it from error.

11. Nonsuit.—It is not error to refuse motion for nonsuit on behalf of two defendants, if there is evidence tending to establish one cause of action, but no evidence tending to connect one defendant with the second cause of action.

12. False Imprisonment.—No action for false imprisonment lies against party causing the arrest of another under warrant lawfully issued by magistrate.

13. New Trial.—If a general verdict be found on complaint stating two causes of action, and there is no evidence to support a verdict on one of the causes, new trial will be granted generally.

Before Dantzler, J., Lee, September, 1904. Reversed.

Action by D. J. Barfield against J. L. Coker & Co. From judgment for plaintiff, defendants appeal.

*Messrs. Cooper & Fraser, F. G. McLeod* and *Woods & Macfarlan,* for appellant. *Messrs. T. B. Fraser* and *Woods*

*& Macfarlan,* cite: *Wrongful seizure of person and property gives rise to two causes of action:* 29 S. C., 187; 1 Bail., 441; 31 S. C., 342. *No actionable damage in cause of action for seizure of crops:* 8 Ency., 551; 52 S. C., 323; 28 S. C., 397; 68 S. C., 100. *No action lies for false imprisonment or malicious prosecution:* 5 Ency., 889; 62 S. C., 104; 31 S. C., 342; 34 S. C., 326; 1 Bail., 457; Harp., 65; 1 Strob., 120; 29 S. C., 192. *Partners are not liable in such case:* 23 S. C., 226. *No evidence to support verdict on one cause of action requires new trial:* 26 S. C., 480; 63 S. C., 467.

*Messrs. J. B. McLaughlin* and *R. W. McLendon,* contra (oral argument).

January 9, 1906. The opinion of the Court was delivered by

MR. JUSTICE JONES. The above entitled cause was heard with the case of J. L. Coker & Co., plaintiffs-appellants, against D. J. Barfield, defendant-respondent, upon a single "Case" embracing appeals in both cases, but for convenience and clearness we will consider the appeals separately.

This action was commenced in Lee County, on the 11th day of August, 1903, to recover damages for an alleged unlawful seizure of plaintiff's crops by defendants and an alleged unlawful and malicious arrest of plaintiff at the instigation of defendants. The cause was first tried at Bishopville, before Judge Purdy and a jury, on March 9, 1904, and resulted in a verdict for plaintiff against defendants J. L. Coker & Co. for $966.67, but said verdict was set aside and a new trial granted by Judge Purdy. Thereafter, on September 16, 1904, the cause was again tried before Judge Dantzler and a jury, and resulted in a verdict against all the defendants for $500.

The first question presented by this appeal, which we notice, is raised by the ninth exception, which alleges error

in the refusal of Judge Purdy to change the place of trial
from Lee County to Darlington County. The motion
was originally made on two grounds: (1) that Dar-
lington County and not Lee County was the proper
place of trial; (2) to promote the convenience of witnesses
and the ends of justice. This action falls within the class
provided for in sec. 146 of the Code of Civil Procedure,
which declares, "if there be more than one defendant, then
the action may be tried in any county in which one or more
of the defendants to such action resides at the time of the
commencement of the action." It is conceded that J. L.
Coker & Co. are residents of Darlington County, but the
plaintiff, who is a resident of Lee County, proceeded on the
theory that defendant Woodham was a resident of Lee
County, and the Circuit Court sustained this view. The
question of a person's place of residence depends upon his
intention as evidenced by his acts and declarations. This is
a question of fact and the finding of the Circuit Court
thereon is conclusive, if there is any evidence to support it.
The defendant Woodham made affidavit as follows: "This
defendant's family are now and have been since the county
was formed in that portion of Lee County that was taken
from Darlington County. That this defendant has been
employed continuously and been engaged in business at
Hartsville, in Darlington County. That he only visits his
family where they live in Lee County and otherwise spends
all his time in said County of Darlington; that his business
is at Hartsville and he resides at Hartsville, in Darlington
County." J. J. Lawton, one of the firm of J. L. Coker
& Co., made affidavit "that the other defendant to the action,
Milton Woodham, has been for quite a time employed at
Hartsville, where he remains constantly to deponent's know-
ledge, except to visit his family in Lee County." One of
the essential elements to constitute a particular place as
one's domicile or principal place of residence is an intention
to remain permanently or for an indefinite time in such
place. The affidavits submitted certainly did not show con-

clusively that Lee County was not defendant Woodham's domicile. The two facts stated—the place at which defendant conducted his business, Darlington County, and the place where his family, with whom he was on amicable terms, resided, Lee County—were but evidentiary matters, in support of opposite conclusions on the question at issue. We cannot say the Circuit Court committed error of law in holding Lee County as a place in which defendant Woodham resided with his family, notwithstanding he did business in Darlington County which occupied the greater part of his time. It was incumbent on the defendant, as the moving party, to satisfy the Court that he was not a resident of Lee County.

With respect to the second ground for a change of venue, namely, for the convenience of witnesses and to promote the ends of justice, we need only say that the determination of this question was within the discretion of the Circuit Judge and it has not been shown that he committed any error of law in reaching his conclusion. *McFail* v. *Barnwell Co.*, 54 S. C., 370.

After the first trial, which resulted in a verdict for the plaintiff against J. L. Coker & Co., which was set aside by Judge Purdy, motion to change the place of trial was made before Judge Dantzler on the ground that said verdict was in favor of defendant Woodham and that the granting of the new trial only operated to continue the case against J. L. Coker & Co. alone, and, therefore, since the sole defendants, J. L. Coker & Co., were residents of Darlington County, that county was the proper place for trial. The Circuit Court refused the motion, holding that the granting of the new trial by Judge Purdy operated to continue the case against both defendants. This ruling is also the basis of the seventh exception. The ruling of the Circuit Court was correct. Whatever may have been the effect of the verdict against J. L. Coker & Co. alone, if final judgment had been entered and retained thereon, in exonerating defendant Woodham from another or further suit

thereon, it is clear that the setting aside of the verdict and granting a new trial operated to restore the status of the case as it existed before trial. If a verdict against J. L. Coker & Co. alone implied a finding in favor of defendant Woodham, the setting aside of that verdict necessarily removed the implication.

It cannot be said that the foregoing conclusion deprives defendants J. L. Coker & Co. of the right to be tried in the county of their residence by joining them in the action with a mere nominal defendant or man of straw, because the complaint expressly charges that the acts of trespass alleged were committed by the defendants, including Woodham.

The first exception complains of error in overruling the demurrer to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The specifications of demurrer are as follows: (1) as to the first cause of action, that there were no allegations of actionable damages therein; (2) as to the second cause of action, that while there was a specific allegation that there was legal process, yet there was no allegation that the process had terminated or that it had terminated in favor of the defendant; (3) that the allegations of trespass are against the firm of J. L. Coker & Co., and that the firm could not commit the torts complained of.

The complaint in question is as follows:

"The plaintiff, complaining of the defendants, alleges:

"(1) That defendants, J. L. Coker, J. J. Lawton, D. R. Coker and J. L. Coker, Jr., are copartners carrying on a general mercantile business at Hartsville, South Carolina, under the firm name of J. L. Coker & Co.

"(2) That on or about the     day of November, 1902, the defendants illegally, unlawfully, wilfully, wantonly and without cause entered the premises in peaceable possession of this plaintiff, in the county and State aforesaid, and did illegally, unlawfully, wilfully and wantonly, in open violation of plaintiff's legal rights, seize and take from the possession of this plaintiff, and carry away a certain lot of corn,

about fifty (50) bushels, of the value of fifty ($50) dollars; about ten bushels of peas, of the value of nine ($9) dollars; about one thousand (1,000) pounds of fodder, of the value of twelve ($12.50) dollars and fifty cents; and about twenty bushels of cotton seed, of the value of six ($6) dollars, all of which was the property of this plaintiff, in his peaceable possession, upon which no encumbrance existed in favor of the defendants, yet the defendants, regardless of the plaintiff's rights as a citizen, illegally, unlawfully, wilfully and wantonly trespassed upon the premises of this plaintiff, seized and carried away the above described property, without the consent of the plaintiff and in his absence and to the terror of his family.

"(3) That at the time the above described illegal, unlawful, wilful and wanton acts were committed by the defendants above named, this plaintiff was also illegally, unlawfully, wilfully, wantonly and without reasonable cause arrested at the instigation of the above named defendants, and through their agency his liberty was taken from him, and he was taken in charge by one who claimed to be a constable, but who was simply an agent of the defendants, and was illegally, unlawfully, without any right or authority and against his will, carried into another county, about fifteen miles from plaintiff's home, and there wilfully and wantonly kept in custody, bereft of his liberty and injured in his credit, until dark, when he was discharged from custody at the instigation of the above named defendants, when alone, weary and tired, he was forced to walk fifteen miles back to his home, from whence, without cause and legal rights, he had been seized and carried from his wife and children, who were very much excited and terrified by the illegal acts of the defendants. That all the above named indignities and acts, which were heaped upon plaintiff with an utter and reckless disregard of his legal rights, were committed by the above mentioned defendants in a high-handed, wilful, wanton and illegal manner, to the injury and damage of this plaintiff in

the sum of one thousand ($1,000) dollars." (Concluding with a prayer for judgment.)

The ground of exception to the first cause of action is not well taken, for the complaint expressly alleges the unlawful and wanton seizure and taking away of the plaintiff's property, and so alleges actionable injury.

With reference to appellant's objection to the second cause of action, it rests upon the theory that this is an action for a malicious prosecution, and, therefore, should fall under the rule stated in *Stoddard* v. *Roland,* 31 S. C., 342, 9 S. E., 1027, and *Whaley* v. *Lawton,* 57 S. C., 256, 35 S. E., 558; whereas, the respondent contends, and the Circuit Court correctly held, that the action is for false imprisonment. Where one brings an action for false imprisonment, all that is necessary for him to allege and prove is that he has been unlawfully restrained of his liberty, and it is wholly immaterial to inquire whether the charge against him, and for which he has been arrested, is well or ill founded in fact. *McHugh* v. *Pundt,* 1st Bail., 441; *McConnell* v. *Kennedy,* 29 S. C., 187, 7 S. E., 76. There is a material distinction between an action for false imprisonment and an action for malicious prosecution; the former proceeds upon the theory that the plaintiff has been arrested without authority of law and unlawfully deprived of his liberty, while the latter proceeds upon the theory that the plaintiff has been lawfully arrested under a warrant charging a criminal offense, and that such prosecution is malicious and without probable cause. *Whaley* v. *Lawton, supra.* The appellants seek to bring this case within the rule stated in *Whaley* v. *Lawton,* 62 S. C., 91, 40 S. E., 128, wherein it was held that a party suing out a warrant by going before a magistrate and making the necessary affidavit, upon which the warrant is issued and a person arrested by an officer, cannot be held liable for false imprisonment. It is argued that the complaint charges that the plaintiff was "arrested," "was taken in charge" and "kept in custody without reasonable cause,"

and that these allegations imply that the arrest was made under lawful authority. These expressions, however, do not necessarily imply a seizure under lawful authority and, taken in connection with other allegations of the complaint, were clearly meant to show that plaintiff had been arrested without authority of law and illegally deprived of his liberty.

The third specification requires little notice. The complaint is against the individuals who composed the partnership for trespass alleged to have been committed by them.

The eighth exception complains of error in refusing defendants' motion to require plaintiff to elect upon which of his causes of action he would proceed to trial. If the act of 1898, 22 Stat., 693, now appearing as sec. 186a of the Code of Civil Procedure, is applicable to this case, it denies the right to compel election, since the complaint sets forth two or more acts of wrong causing the injury for which suit is brought. But the principle of election has no application to this case. Election of remedies is the act of choosing between different remedies allowed by law *on the same state of facts.* 7 Ency. Pl. & Pr., 361, or where the party has but one cause of action, one right infringed, one wrong redressed. Bliss Code Pl., sec. 11. In this, the complaint states two separate and distinct facts, one for unlawful seizure of property of plaintiff, the other for false imprisonment or an illegal restraint of his liberty. Hence there was no error in refusing to compel plaintiff to elect.

The question as to nonsuit logically comes next in order, but we postpone consideration of the question of nonsuit and proceed to consider exceptions to the charge.

The fourth exception complains of error in the charge as to the application of payments. The defendants requested the Court to charge as follows: "The debtor has the right to direct the application of payments at the time of making the payments or at any time before application is made, but if he does not direct the application,

then the creditor has the right to make the application to any debt due him." The Court charged the request with this modification: "When the lienor pays certain money to the lienee from the proceeds of the sale of crop or crops covered by the lien, and the lienee knows that the money paid is from such source—that is, from the sale of crops covered by the lien—that the law requires him to make the application of such money to the lien debt." It is objected that this latter charge was incorrect and that the charge as requested should have been given. The instruction which appellant requested correctly states the general rule, *Baum* v. *Trantham,* 42 S. C., 104, 19 S. E., 973, but such rule does not prevail when the question is as to what application should be made of payments from the proceeds of sale of property subject to an agricultural lien. In such case the law, at the instance of the debtor, compels application to the lien debt. It is the duty of the lienor to pay such proceeds to the extinguishment of the lien debt, and reciprocally it must be the duty of the lienee to so apply such payments. *Hunter* v. *Wardlaw,* 6 S. C., 74; *Thatcher & Co.* v. *Massey,* 20 S. C., 542. The law compels this application whether the creditor has knowledge or not that the payments were the proceeds of the sale of property under lien. The charge as given was erroneous in so far as it contained the words, "and the lienee knows that the money paid is from such source;" but appellants can take nothing by exception to this error, since the charge as given was too favorable to them.

The fifth exception assigns error in modifying defendants' request to charge, which was in these words: "That if the jury believe the seizure complained of in the first cause of action was made under process to foreclose an agricultural lien, then they must find for the defendant on the first cause of action." Responding to this request, the Court said: "I charge you that with this amendment, unless participating in person or by agent within the scope of his agency and with malicious intent in the execution of such alleged warrant." The request to charge was mis-

leading, as it ignored the contention of plaintiff that the lien debt had been paid and that J. L. Coker & Co. knew that it had been paid at the time of making the affidavit upon which the warrant of seizure was issued, and it further ignored the testimony on part of plaintiff tending to show that J. L. Coker & Co. participated in the seizure by actually receiving the property so seized and appropriated same without a sale, as required by law. If this contention of plaintiff be sustained by the evidence, we do not think that the mere fact that a magistrate has issued the warrant of seizure would exonerate J. L. Coker & Co. from damages resulting from such seizure. The request to charge being erroneous, no reversible error is shown, even though the modification should fail to free it from all error.

The sixth exception complains of error in charging as follows: "If he was arrested under the warrant in this case, if you so find, and if you find that he was not only arrested under the warrant in this case, but restrained of his liberty under this warrant, by virtue of the warrant, that then it could not be said, so far as the warrant is concerned, if he was restrained of his liberty by virtue of the warrant, then there could be no false imprisonment under the law." This charge, it seems to us, is in accord with appellants' contention as to the law, and for this reason, we suppose, appellants submitted the exception without comment.

A motion for nonsuit was made for each and both causes of action and was refused, to which exception has been taken.

After carefully examining the testimony, we think it is clear that there was no error in refusing the nonsuit as to the first cause of action, there being some testimony tending to establish the same.

With respect to the second cause of action, there was absolutely no testimony that defendant, Woodham, had any connection whatever with it, but no motion as to nonsuit as to him alone was made.

With respect to defendants, J. L. Coker & Co., at the time

of the motion for nonsuit on second cause of action, it did not clearly appear that plaintiff had been arrested by virtue of legal process, but at that stage of the case it only appeared that plaintiff had been arrested by one who said he had a warrant. There was no admission by plaintiff that he had been arrested under legal process, as contended for by appellants. Under these circumstances, we cannot say that there was error in submitting the case to a jury.

The vital contention by appellants arises on their exception to the refusal to grant a new trial. At this stage of the case it was an undisputed fact that the plaintiff was arrested by Constable Culpepper under a warrant issued by Magistrate J. S. White for an offense against the laws of the State. The warrant of arrest and the affidavit upon which it was based, though introduced in evidence by the defendants, are not set out in the "Case" for appeal, but the Circuit Court held that the warrant was legal process and we must assume that it was such. The warrant was issued by Magistrate White, residing in Darlington County, on the fourth day of November, 1902, and the arrest was made on the following day. The Circuit Court correctly held that said magistrate had jurisdiction in that portion of Lee County, where the arrest was made, which was formerly embraced in Darlington County, at the time of issuing said warrant, and the arrest of defendant thereunder. Act of 1902, secs. 6 and 14, 23 Stat., 1197. It thus appeared that plaintiff was properly arrested by lawful authority. It must follow that an action for false imprisonment cannot be maintained against the party causing the arrest. *McConnell* v. *Kennedy*, 29 S. C., 180, 7 S. E., 76; *Whaley* v. *Lawton*, 62 S. C., 91, 40 S. E., 128.

Under this view there was error of law in not setting aside the verdict as to the second cause of action, and there must be a new trial as to that cause of action. But since the verdict is a general one, and it cannot be said to which cause of action it relates, and there is no means of apportioning the verdict as between said causes of

action, a new trial must be granted on the whole case, under the authority of *Lampley* v. *Atlantic Coast Line Co.,* 63 S. C., 462, 41 S. E., 517, and *Jones* v. *Railroad,* 70 S. C., 217.

The judgment of the Circuit Court is reversed, and the case remanded for a new trial.