6795

## STATE v. ZIMMERMAN.

1. PLEADINGS—INDICTMENT.—If there be good and bad counts in an indictment a plea of guilty will be referred to those counts which are good.

2. IBID.—FORGERY.—AN INDICTMENT for forgery can not be defeated merely because all the steps necessary to perfect the fraud are not set out therein. The indictment here *held* to allege that forging an entry in the Bond Book of the State and uttering the forged writing were done with intent to defraud, and it charges facts from which it must be inferred these acts would operate to the injury of the State.

3. FORGERY.—The common law as to forgery is of force in this State; and as we have no statute abrogating the offense with intent to defraud the State or the public, forgery with intent to defraud the State is a crime in this State.

Before PRINCE, J., Richland, March, 1907. Affirmed.

Indictment against Daniel Zimmerman and Thomas J. Gibson for forgery. From sentence on plea of "guilty as charged," defendant Zimmerman appeals.

*Messrs. Bellinger & Welch,* for appellant, cite: *Plea to indictment charging misdemeanor and felony is referable to felony only:* 14 Rich., 169; 113 Cal., 278. *Subject of forgery is now covered by statute:* 3 Stat., 468; 5 Stat., 397; 11 Stat., 366; 54 S. C., 310; 5 Strob., 58; 29 S. C., 180; Cr. Code, 373; 14 S. C., 350. *Fraudulent intent is not charged:* 9 Ency. P. & P., 580; 36 Kan., 322; 19 Cyc., 1395. *Nor is it charged that the writing might injure another:* 19 Cyc., 1379, 1405-6; 13 Ency. P. & P., 559; 17 Wend., 541; 37 Tex., 591; 5 So., 618; 9 Ency. P. & P., 562-7; 30 La. Ann., 557; 3 Col., 571; 5 Black., 39. *The State is not "any person" to be defrauded under the statute:* 3 Stat., 468; 2 Russ. Crimes, 414; 24 & 25 Vic., 98; Ros. Crim. Ev., 517; Bish. on Stat. Crimes, 62; 46 Cal., 154; 16 N. J. L., 285; 7 Abb. Prac., 83; 46 Ohio St., 234; 5 Stat.,

19—79

397; 22 Ency., 740; 19 R. I., 336; 6 Hill N. Y., 33; 52 N. Y., 530; 150 Ind., 336; 72 N. Y., 365; 24 Tex., 61; 6 Tex. App., 261; 23 Tex. App., 401; 8 Tex. App., 401; 92 Ky., 630; 37 Fed. R., 108. *In many States it is only necessary to allege a general intent to defraud:* Crim. Code Ala., Art. 3852-5; 47 Ia., 455; 8 Ia., 295; 30 Kan., 365; 32 Kan., 360; 36 Kan., 325; 39 La. Ann., 238; 37 La. Ann., 292; 28 La. Ann., 46; 39 La. Ann., 238; 50 Me., 422; 100 Mass., 12; 57 Mich., 73; 43 Minn., 196; 86 Mo., 33; 78 Mo., 49; 109 Mo., 432; 93 Mo., 88; 117 Mo., 181; 114 Mo., 626; 112 Mo., 447; 108 N. Car., 776; 80 N. Car., 403; 86 N. Car., 599; 19 Ohio St., 540; 12 Or., 104; 86 Pa. St., 355; 12 Phil., 608; 23 Tex. App., 401; 6 Tex. App., 261; 1 Tex. App., 146; 51 Vt., 102; 31 W. Va., 127; 29 W. Va., 147; 32 W. Va., 546. *Word "person" defined in many States to include State:* Pen. Code Ariz., Sec. 7, Sub. 20; Homers Rev. St. Ind., Sec. 1899; Pen. Code Idaho, Sec. 4544; Gen. St. Kan., Sec. 2315; Gen. Stat. Minn., Sec. 6842; Code Miss., Sec. 1512; Cobb. Ann. St., Neb., Sec. 2382; Laws N. Y. C., 677, Par. 5; Rev. Code N. Dak., Secs. 7727-8; Rev. Stat. Ok., Sec. 2701; Ann. Codes & Stats. Or., Sec. 2186; Pen. Code So. Dak., Secs. 822-3; Pen. Code Tex., Art. 24; Rev. Stats. Utah, 4053; Ball. Codes & Stats. Wash., Secs. 4786, 6786. *Judicial interpretation of word "person:"* 10 Ark., 104; 84 U. S., 322; 35 Ga., 315; 95 M., 445; 163 Mass., 446; 73 Ind., 362; 44 Fed. R., 17; 94 U. S., 315; 52 N. Y., 530. *Legislative definition:* Code 1902, 38; Con. 1895, Art. IX, Sec. 1, Art. VIII, Art. VII, Secs. 8 and 11; 69 Fed. R., 911; 22 Kan., 170; 94 U. S., 315.

*Solicitor George Bell Timmerman,* contra.

March 7, 1908. The opinion of the Court was delivered by

Mr. Ernest Moore, *Acting Associate Justice in place of* Mr. Justice Woods, *disqualified.* At the March term,

1907, of the Court of General Sessions for the County of Richland, the appellant Daniel Zimmerman and one Thomas J. Gibson were called to plead to an indictment containing substantially the following three counts:

(1) Charging conspiracy between the said Daniel Zimmerman, a bookkeeper in the office of the State Treasurer of the State of South Carolina, and one Thomas Gibson, "to forge and to make a false entry in a Bond Registry Book, a public record in the State Treasurer's office of the State of South Carolina, and to place on the market and sell" certain surrendered and redeemed bonds of the said State, "and appropriate the proceeds to their own use, with intent to cheat and defraud the State of South Carolina," etc., and that they afterwards "accomplished their unlawful and wicked purpose," etc.

(2) Charging forgery by the said Daniel Zimmerman, in that he did "forge and make a false entry in a Bond Registry Book, which said Bond Registry Book was then and there a public record of the State Treasurer's office of the State of South Carolina, and was then and there kept by the said Daniel Zimmerman as bookkeeper in said Treasurer's office," "by entering in the said Bond Registry Book the bond No. 744 Brown Consols, in lieu and in place of Brown Consol Bonds, one of either of the Nos. 959 or 1445, redeemed by the State of South Carolina on the said 21st day of May," 1901, "and should have been cancelled on that day by the said Daniel Zimmerman, whose duty it was to cancel them then and there; but the said Daniel Zimmerman did not cancel either of the said bonds, numbered 959 and 1445, and did not enter them on said Bond Registry Book after they were redeemed then and there by the State of South Carolina, but entered the old surrendered, redeemed and cancelled bond, No. 744, on the Bond Registry Book as a bond surrendered and redeemed on that day, which said bond, No. 744, had been redeemed by the State of South Carolina some years prior thereto, and at that time cancelled, and the

said Daniel Zimmerman then and there placed on the market and sold both of the said bonds, Nos. 959 and 1445, with intent to defraud the State of South Carolina," etc.; and, also, charging the said defendant Gibson with aiding and abetting in the commission of the felony aforesaid.

(3) Charging the uttering and publishing by the said Daniel Zimmerman, in that he did "utter and publish as true a certain false, forged and counterfeited writing, to wit: the false and forged entry in a Bond Registry Book," etc., being the same entry charged as forgery in the said second count, and "placed on the market and sold both of said bonds, Nos. 959 and 1445, with intent to defraud the State of South Carolina," etc.; and also charging aiding and abetting as to the defendant Gibson.

Upon arraignment the defendant Zimmerman moved to quash the second and third counts of this indictment upon the ground that no indictable offense was charged, inasmuch as at common law there is no such offense as that charged in said counts and under the statute it must be charged to have been committed with intent to cheat and defraud a person and the State of South Carolina is not a person as meant by the statute. This motion being overruled, the defendant Daniel Zimmerman entered a plea of "guilty as charged" in the indictment, and having been duly sentenced, he now appeals from the order refusing to quash the second and third counts of the indictment.

Appellant's exceptions allege error in the holding that the second and third counts of the indictment charge an indictable offense, the grounds of alleged error being:

1. "Because at common law there is no such offense as that charged in the said two counts.

2. "Because, under the statute, the offense must be alleged to be to cheat and defraud 'any person' and 'the State' is not such 'person' as is therein contemplated."

It is to be noted that no question is made by these exceptions as to the sufficiency of the first count of the indictment, and no error is thereby alleged in the judgment and sentence

upon that count. In argument, however, the appellant submits that the first count of the indictment charges a misdemeanor and the other counts attempt to charge felonies, and that a general plea of guilty and the sentence thereupon must be referred to the graver offense only; appellant citing in support of this proposition the case of the *State* v. *Nelson,* 14 Rich., 169.

While it may be true that, where all the counts in an indictment are good, a general plea of guilty and the sentence thereupon will be referred to the higher offense; yet it can not be doubted that such a plea is applicable to all and each of the counts of the indictment, and, therefore, if there be good and bad counts in the indictment the plea of guilty will be referred to that one which is good. The plea of guilty confesses the truth of whatever is well alleged in the indictment. See 1 Bish. Cr. Proc., 795. If then the contention of the appellant is correct, that the first count of the indictment here is the only good count, the judgment upon the plea of guilty must be referred to that count. There being in the exceptions before this Court no allegation of insufficiency in the first count of the indictment nor of error in the judgment pronounced upon the plea of guilty to this first count, it necessary follows that the judgment below must be affirmed upon this ground, irrespective of the questions as to the sufficiency of the second and third counts of the indictment.

While this conclusion might properly be considered as rendering speculative the questions raised by the exceptions taken to the judgment below, it may nevertheless be advisable that these questions also should be determined. They will, therefore, now be considered.

The first exception is couched in such general terms as, apparently, to render it liable to the objection that it does not point out with sufficient certainty the alleged error of which complaint is sought to be made. Waiving this consideration, however, it appears from the argument of the appellant before this Court that one of

the defects in the second and third counts of the indictment, of which appellant seeks to complain by this exception, is claimed to consist in the alleged failure to charge in said count any intent to defraud on the part of the defendant Zimmerman in the averred acts of forgery and of uttering the forged writing. It is contended that the words "with intent to defraud the State of South Carolina," occurring in both of the said counts, must be considered as relating solely to the immediately preceding clause referring to the sale of the said bonds, and that the said counts, therefore, contain no allegation either that the forging of the entry in the Bond Registry Book or the uttering of the forged writing was done "with intent to defraud."

Upon general principles of grammatical construction, however, the words "with intent to defraud," etc., as found in each of these counts, must be held to relate to and qualify the acts of forging and of uttering the forged writing, as charged in said two counts, as well as to the act of selling the bonds. 1 Bish. Cr. Proc., Secs. 356, 510, 511. The charge here is of the doing of all these acts as parts of the same transaction and in furtherance of the same purpose "to defraud the State of South Carolina," and this intent is sufficiently charged in these counts as existing in the acts of forging the entry and of the uttering of the forged entry as well as in the selling of the bonds. To hold otherwise would be to violate the ordinary rules of legal and grammatical construction and to demand a minute particularity of expression not necessary to a due understanding of the common and ordinary forms of legal language.

Another objection advanced in appellant's argument against the second and third counts of this indictment, and of which appellant seeks to avail himself under the general terms of the first exception, is the alleged absence of any averment that the forged writing was one which, if genuine, might injure another. With reference to this contention it is sufficient to say that it is substantially charged in these counts that the fraud was sought to be committed by the

act of the said defendant Zimmerman, then a bookkeeper in the office of the State Treasurer, in making, on the 21st day of May, 1901, a false entry upon the said Bond Registry Book of the redemption and cancellation on that day of a certain previously redeemed and cancelled bond, No. 744, whereas in truth and in fact the bond No. 959 or 1445 was the bond so redeemed and which should have been so entered as cancelled on that day; and that this false entry was made with intent thereby to make it affirmatively appear from said public record that neither said bond No. 959 nor 1445 had been then redeemed, and thus to enable the said Daniel Zimmerman, with better prospects of success and with less danger of detection, to carry out his purpose of placing upon the market and selling the said two last-mentioned bonds as valid outstanding obligations of the State of South Carolina, with intent thereby to defraud the said State. Hence it appears charged in the indictment that the forged writing consisted of a false entry made by the defendant Zimmerman in the Bond Registry Book, calculated and intended to aid in the proposed commission of the then intended fraud upon the State of South Carolina then in process of being carried out by the sale of an already redeemed but still uncancelled bond; and therefore, that such entry was an act which might operate to the injury of the said State. A false entry made in a public record, with intent to deceive and defraud, is a forgery. 19 Cyc., 1386.

It is not necessary to mention that the forgery was complete in all its parts in order to make the forger liable. The essence of the crime is the intent to defraud, and the indictment therefor can not be defeated merely because all the steps necessary to perfect the fraud are not set out therein. *State* v. *Bullock,* 54 S. C., 311, 312, 32 S. E., 424; *State* v. *Jones,* 1 McM., 236. Upon these considerations the first exception must be overruled.

By the second exception the proposition is advanced that forgery in this State is an offense which can be committed

only against the property of "a person" and that "the State" is not "a person" within the definition of this crime, either by the statute or at common law as now existing in South Carolina.

In the comparatively recent case of *McConnell* v. *Kennedy*, 29 S. C., 180, 7 S. E., 76, forgery is recognized as being in this State still a common law offense, the Court in that case citing 2 Wharton Cr. Law, 1431, and 2 Bish. Cr. L., Sec. 586, as containing correct statements of the common law of force in this State as to the writings of which forgery may be committed. See, also, *State* v. *Floyd*, 5 Strob., 58; *State* v. *Jones*, 1 McM., 247, and *State* v. *Bullock*, 54 S. C., 312, 32 S. E., 424.

In the statutory law of South Carolina upon the subject of forgery there is no language evincing an intention to abrogate or limit in any way the common law as to forgery. On the contrary, the object of these statutes appears to have been the enlarging of the offense and the regulating and fixing the punishment therefor. See 11 Stats., 341; 3 Stats., 470; 4 Stats., 543; 5 Stats., 397; Cr. Code, Sec. 373.

It is not necessary, therefore, to consider what meaning may have been intended by the term "any person" as used in some of these statutes in referring to the owner against whose property rights this crime might be committed.

It is only necessary to determine whether the crime of forgery at the common law could be committed against the property rights of the commonwealth or the State.

In 2 Bish. Cr. Law, Sec. 531, in speaking of the writings which may be the subject of forgery at the common law, the learned author says: "If the forgery of writings prejudicial to individuals is indictable, *a fortiori* it may be when prejudicial to many individuals or the public. Indeed this is the kind of common law forgery mostly spoken of in the older books. Hawkins mentions as examples the fasely and fraudulently making or altering any matter of record or any other authentic matter of a public nature." Again, in 2 Bish. Cr. Proc., Sec. 421, it is said that "the intent may

be laid to defraud a township named, or the State, if such is the fact."

In 19 Cyc., 1378, this statement of the law is found: "While an intent to defraud is essential, it is not necessary that there should be intent to defraud any particular person, but there must at all events be a possibility of some person being defrauded. A corporation, State, the United States and the estate of a decedent are each regarded as a person; and where the forged instrument is passed to a servant acting as such, the master is the person defrauded."

Upon a full consideration of the common law as to forgery originally in force in this State and upon an examination of the language, intent and purpose of the statutes of this State upon the subject of forgery, it can not with any plausibility be contended that, by the use in these statutes of the words " any person" in describing the party to be defrauded, any intention is evidenced to abolish the common law crime of forgery when committed with intent to defraud the State.

The common law as to forgery being of force in this State and there being no statutory enactment abrogating the offense when committed with intent to defraud the State or the public, it is considered that the second exception of the appellant can not be sustained.

The exceptions are, therefore, overruled and the judgment of the Circuit Court is affirmed.