23164

Wilma C. JONES, Respondent v. CITY OF COLUMBIA, Lolita Patterson, and Michael E. Johnson, Petitioners.

(389 S. E. (2d) 662)

Supreme Court

63

*Joseph C. Coleman,* Columbia, *for petitioners.*

*Carl A. Ellsworth,* of *Seigler, Earle and Ellsworth,* Columbia, *for respondent.*

Heard Jan. 10, 1990.

Decided Feb. 26, 1990.

Toal, Justice:

The sole issue for determination in this case is whether the Court of Appeals erred in affirming the trial court's denial of the Petitioners' motion for a directed verdict. At trial, the Petitioners moved for a directed verdict that the Respondent-Plaintiff had failed to establish her case against them for false arrest and false imprisonment. We affirm the Court of Appeals' decision in *Jones v. City of Columbia,* Opinion No. 89-MO-022 (filed February 6, 1989).

## FACTS

Wilma Jones (Jones) sued the City of Columbia and two of its police officers, Lolita Patterson and Michael Johnson, for false arrest and false imprisonment arising out of events occurring on May 2, 1986. Officer Patterson stopped Jones for running a red light. Computer license checks through central dispatch reflected that Jones was driving an uninsured vehicle, and was driving under suspension.

Patterson arrested Jones for operating an uninsured motor vehicle, a misdemeanor under S. C. Code Ann.

§ 56-11-770 (Law Co-op 1976), and called in Officer Johnson to assist with the arrest. Jones was taken to jail and her car was impounded. The Petitioners stipulated at trial that Jones was not in fact driving an uninsured vehicle at the time of her arrest, but, as a defense to her false arrest and imprisonment claims, they argue that they had probable cause to arrest Jones under § 56-11-770.

At trial, Jones contended that her arrest was unlawful and that the police had no probable cause. She presented evidence that she had her insurance papers with her at the time of her arrest and tried in vain to show them to the officers, but that they were not persuaded.[1] Although the officers denied that Jones permitted them to see her insurance papers, an eyewitness affirmed Jones' testimony.

Both officers also testified that, even if they had read her insurance papers, one can easily buy insurance, receive the documents indicating such, and then cancel the coverage. However, the officers admitted that they did not take any steps to determine whether such cancellation had in fact taken place.[2]

## LAW/ANALYSIS

The Petitioners argue that, since Jones' records (although erroneous at the time) were checked several times, each time indicating that she had no insurance, the officers had probable cause to arrest Jones and should have been granted a directed verdict.

The essence of the tort of false imprisonment consists of depriving a person of his liberty without lawful justification. *Thomas v. Colonial Stores, Inc.*, 236 S. C. 95, 113 S. E. (2d) 337 (1960). An action for false imprisonment cannot be maintained where one is arrested by lawful authority. *Manley v. Manley*, 291 S. C. 325, 353 S. E. (2d) 312 (Ct. App. 1987). The fundamental question here, therefore, is whether probable cause existed to arrest Jones on the

---

[1] Jones notes, cogently, we think, that the charge against her was dropped when a sergeant at the police station reviewed the same insurance papers she possessed at the time of her arrest.

[2] Contacting Jones' attorney or her insurance agent appeared to be readily available steps that the officers could have taken to this end.

charge brought against her. "Probable cause" is defined as a good faith belief that a person is guilty of a crime when this belief rests on such grounds as would induce an ordinarily prudent and cautious man, under the circumstances, to believe likewise. *Gathers v. Harris Teeter Supermarket,* 282 S. C. 220, 317 S. E. (2d) 748 (Ct. App. 1984).

South Carolina follows the minority rule that the issue of probable cause is a question of fact and ordinarily one for the jury. *See Gathers,* 282 S. C. 220, 317 S. E. (2d) 748 (Ct. App. 1984); *Parrott v. Plowden Motor Co.,* 246 S. C. 318, 143 S. E. (2d) 607 (1965). The majority rule is that the issue of whether there is probable cause is a mixed question of law and fact, to be decided in some instances only by the judge and in others by a combination of judge and jury. *See* 35 C. J. S. *False Imprisonment* § 59 at 761 (1960); 5 Am. Jur. (2d) *Arrest* § 49 at 741 (1962). We adhere to our present rule.[3]

In determining the Petitioners' motion for a directed verdict, this Court must on appeal consider the evidence and all reasonable inferences which can be drawn therefrom in the light most favorable to Jones. *Timmons v. McCutcheon,* 284 S. C. 4, 324 S. E. (2d) 319 (Ct. App. 1984). We hold that sufficient evidence existed here for the trial court to submit the question of probable cause to the jury.

Affirmed.

GREGORY, C. J., and HARWELL, CHANDLER and FINNEY, JJ., concur.

---

[3] To the extent that the Court of Appeals' decision in *Thompson v. Smith,* 289 S. C. 334, 345 S. E. (2d) 500 (Ct. App. 1986) conflicts with this state's rule as enunciated in *Parrott* and *Gathers,* it is hereby overruled.