23753

Marvin Gary WORTMAN, Appellant v.
City of SPARTANBURG, Respondent.

(425 S.E. (2d) 18)

Supreme Court

*Nora B. Lewis* and *Ralph Phillips, Jr.,* Union, *for appellant.*

*H. Spencer King* and *William L. Duncan,* Spartanburg, *for respondent.*

Heard Nov. 5, 1992.

Decided Dec. 7, 1992.

HARWELL, Chief Justice:

Marvin Gary Wortman (Wortman) appeals from an order granting summary judgment to the City of Spartanburg (the City). We reverse and remand.

## I. FACTS

On August 18, 1989, a Spartanburg Public Safety officer confiscated envelopes containing Florida lottery tickets that he found taped to the counter of a local restaurant. Wortman appeared at police headquarters on August 28, 1989, claimed to be the owner of the tickets, and demanded their return. Police arrested Wortman for "possession of lottery tickets." Several hours later, Wortman was served with a warrant charging him with playing a gambling game at a public place in violation of S.C. Code Ann. § 16-19-40 (1985). The charge was dismissed by the arresting officer on the day of trial.

Wortman sued the City, alleging, among other things, that his arrest was unlawful because possession of lottery tickets is not illegal. The City moved for summary judgment and the trial judge found that the City was exempt from liability under sections 15-78-60(3) and (4) of the South Carolina Tort

Claims Act, S.C. Code Ann. §§ 15-78-10 to -190 (Supp. 1991). The order of summary judgment further stated that Wortman failed to state a cause of action as to some claims because he did not establish that the actions of police were unlawful or performed with malice, and that the remaining causes of action were without merit. Wortman appealed.

## II. DISCUSSION

A. *Immunity Under the South Carolina Tort Claims Act*

Wortman first contends that the City was not entitled to summary judgment on all causes of action under sections 15-78-60(3) and (4) of the Tort Claims Act. We agree.

Section 15-78-60 provides:

> The governmental entity is not liable for a loss resulting from:
> (3) execution, enforcement, or implementation of the orders of any court or execution, enforcement, or lawful implementation of any process;
> (4) adoption, enforcement, or compliance with any law or failure to adopt or enforce any law, whether valid or invalid, including, but not limited to, any charter, provision, ordinance, resolution, rule, regulation, or written policies . . .

When interpreting a statute, the Court's primary function is to ascertain the intention of the legislature. The words used in the statute must be given their plain and ordinary meaning without resorting to subtle or forced construction to limit or expand the statute's operation. *Gilstrap v. S.C. Budget and Control Bd.*, — S.C. —, 423 S.E. (2d) 101 (1992).

The facts in the record establish that Wortman was arrested *before* the City obtained a warrant from a magistrate. Thus, the actions of the police did not occur during the execution or enforcement of the order of any court or during the lawful implementation of any process, as contemplated by section 15-78-60(3). As to section 15-78-60(4), the City cannot claim that Wortman's arrest for possession of lottery tickets resulted from its attempt to enforce a law absent a showing that a law exists that prohibits the possession of lottery tickets.

We conclude that the actions of the City do not fall within the exception provisions of sections 15-78-60(3) and (4). Consequently, we hold that the trial judge erred in granting summary judgment on the ground that the City was immune from liability under the Tort Claims Act.

### B. *Genuine Issue of Material Fact*

Wortman next contends that the trial judge erred in granting summary judgment because material facts are in dispute. We agree.

Summary judgment should be granted only where it is perfectly clear that no genuine issue of material fact exists and inquiry into facts is not desirable to clarify application of the law. *Bates v. City of Columbia*, 301 S.C. 320, 391 S.E. (2d) 733 (1990). We find that there is a genuine dispute as to whether the City's arrest of Wortman was lawful.

The fundamental question in determining whether an arrest is lawful is whether there was "probable cause" to make the arrest. *Jones v. City of Columbia*, 301 S.C. 62, 389 S.E. (2d) 662 (1990). Probable cause is defined as a good-faith belief that a person is guilty of a crime when this belief rests on such grounds as would induce an ordinarily prudent and cautious person, under the circumstances, to believe likewise. *Gathers v. Harris Teeter Supermarket*, 282 S.C. 220, 317 S.E. (2d) 748 (Ct. App. 1984). In South Carolina, the issue of probable cause is a question of fact and ordinarily one for the jury. *Jones*, 301 S.C. at 65, 389 S.E. (2d) at 663. Accordingly, because the existence or nonexistence of probable cause is a question of fact material to the lawfulness of Wortman's arrest, we hold that it was improper for the trial judge to grant summary judgment.

### C. *Conclusion*

We conclude that the record does not support a finding that the City is immune from suit under sections 15-78-60(3) and (4) of the South Carolina Tort Claims Act. We also discern that a disputed question of material fact exists as to whether the City had probable cause to arrest Wortman. Accordingly, the trial judge's order granting summary judgment is reversed and the case remanded for trial.

Reversed and remanded.

CHANDLER, FINNEY, TOAL and MOORE, JJ., concur.