521 S.E.2d 163

**Anthony GIST, Appellant,**

v.

**BERKELEY COUNTY SHERIFF'S DEPARTMENT, Respondent.**

**No. 3031.**

Court of Appeals of South Carolina.

Heard June 9, 1999.

Decided Aug. 2, 1999.

612

Peter J. Tepley and Vanessa G. Crittenden, both of Turnipseed & Associates, of Columbia, for appellant.

Sandra J. Senn, of Charleston; and Stephanie P. McDonald, of Mt. Pleasant, for respondent.

PER CURIAM:

Anthony Gist sued the Berkeley County Sheriff's Department alleging false arrest and imprisonment.[1]  The trial court granted summary judgment in favor of the Sheriff's Department.  Gist appeals.  We reverse and remand.

## FACTS

On April 27, 1992, an African–American male robbed the Fuel Depot, a convenience store in Monck's Corner, by holding the clerk at knife-point.  The clerk, Martha McDonald, told the police the robber was the same person who had attempted to cash a two-party check at the store earlier that day.  She stated the name on the check was Anthony Gueist or Gist.  McDonald could not remember the exact spelling of the last name.  McDonald also recalled the address on the check was for Berkeley Arms.

The investigating officer, Lewis Oliver, took a soda can and packs of cigarettes the robber left on the counter as evidence to process for fingerprints.  He also lifted the robber's fingerprints from the door (because the clerk had just cleaned the window before the robbery, the robber's fingerprints were the only ones on the window).

A few days after the robbery, McDonald told police she thought she saw the robber driving a red Chevrolet and

---

1. Gist also sued the Richland County Sheriff's Office.  The claim against the Richland County Sheriff's Office was dismissed by consent.

provided a license plate number. A car matching the description was registered to Terry and Sandy Davis.

Oliver visited the home of an Anthony William Gist, who lived at the Berkeley Arms. Oliver obtained a picture of this Anthony Gist, which he showed to McDonald. McDonald stated the picture was not of the same person who robbed her.

Oliver later obtained appellant Gist's driver's license photograph. McDonald identified Gist as the person who robbed her. According to Oliver's notes, McDonald remarked the mustache and glasses on Gist's driver's license were different, but she was positive of her identification.

Oliver sought an arrest warrant for Gist. In his arrest warrant, Oliver reported the facts of the robbery. The affidavit does not contain any facts actually linking Gist to the crime. The magistrate issued the warrant in September, 1992.

When Gist learned about the outstanding warrant for his arrest approximately sixteen months after the warrant was issued, he turned himself in to the Richland County Sheriff's Office and was arrested for armed robbery. Gist hired an attorney to defend him on the criminal charges. Gist was held over to the next General Sessions term under bond after a preliminary hearing. Subsequent to the preliminary hearing, the Sheriff's Department completed a fingerprint analysis which indicated Gist's fingerprints did not match those of the robber. The charges against Gist were dismissed approximately two months later. On March 2, 1994, Gist obtained an order for the destruction of his arrest records.

Gist commenced the present action on September 20, 1995, alleging false arrest and imprisonment. The Sheriff's Department moved for summary judgment. The trial court granted the motion. The court ruled the Sheriff's Department could not be held liable for damages because there was a neutral and detached magistrate's determination of probable cause. The court held the Sheriff's Department was not grossly negligent in complying with the magistrate's order and that there was probable cause for the arrest as a matter of law. The court also found the Sheriff's Department was placed at a disadvantage because Gist secured an expungement of the arrest records prior to filing suit.

## LAW/ANALYSIS

■ Summary judgment is appropriate when it is clear there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Etheredge v. Richland Sch. Dist. 1,* 330 S.C. 447, 499 S.E.2d 238 (Ct.App. 1998); Rule 56(c), SCRCP. Summary judgment is not appropriate where further inquiry into the facts is desirable to clarify the application of the law. *Tupper v. Dorchester County,* 326 S.C. 318, 487 S.E.2d 187 (1997). When determining whether any triable issue of fact exists, the evidence and all reasonable inferences therefrom must be viewed in the light most favorable to the nonmoving party. *Pye v. Aycock,* 325 S.C. 426, 480 S.E.2d 455 (Ct.App.1997). All ambiguities, conclusions, and inferences arising from the evidence must be construed most strongly against the movant. *Staubes v. City of Folly Beach,* 331 S.C. 192, 500 S.E.2d 160 (Ct.App.1998), *cert. granted,* Mar. 3, 1999.

### *Probable cause*

■ Gist argues the trial court erred in granting summary judgment because a genuine issue of material fact exists as to whether there was probable cause for his arrest. We agree.

■ False imprisonment is "deprivation of a person's liberty without justification." *Caldwell v. K–Mart Corp.,* 306 S.C. 27, 30, 410 S.E.2d 21, 23 (Ct.App.1991). An action for false imprisonment may not be maintained where the plaintiff was arrested by lawful authority. *Jones v. City of Columbia,* 301 S.C. 62, 389 S.E.2d 662 (1990).

The fundamental issue in determining the lawfulness of an arrest is whether there was "probable cause" to make the arrest. *Wortman v. Spartanburg,* 310 S.C. 1, 425 S.E.2d 18 (1992). "Probable cause is defined as a good faith belief that a person is guilty of a crime when this belief rests upon such grounds as would induce an ordinarily prudent and cautious person, under the circumstances, to believe likewise." *Id.* at 4, 425 S.E.2d at 19. "In determining the presence of probable cause for arrest, the probability cannot be technical, but must be factual and practical considerations of everyday life on which reasonable, prudent and cautious men, not legal technicians, act." *Summersell v. South Carolina Dep't of Pub.*

*Safety,* 334 S.C. 357, 365, 513 S.E.2d 619, 623 (Ct.App.1999). The issue of probable cause is a question of fact and ordinarily one for the jury. *Wortman,* 310 S.C. 1, 425 S.E.2d 18.

"All proceedings before magistrates in criminal cases shall be commenced on information under oath, plainly and substantially setting forth the offense charged, upon which, and only which, shall a warrant of arrest issue." S.C.Code Ann. § 22–3–710 (1976). A warrant affidavit that is "insufficient in itself to establish probable cause may be supplemented before a magistrate by sworn oral testimony." *State v. Crane,* 296 S.C. 336, 338, 372 S.E.2d 587, 588 (1988). However, a warrant issued upon a statement of facts not sworn to is unconstitutional. *State v. Wimbush,* 9 S.C. 309 (1878).

In this case, the warrant's affidavit does not state the facts upon which probable cause was based. It does not contain any facts actually linking Gist to the crime. As the Sheriff's Department conceded at oral argument, the affidavit, standing alone, was insufficient to establish probable cause. *See State v. Smith,* 301 S.C. 371, 373, 392 S.E.2d 182, 183 (1990) (quoting *Illinois v. Gates,* 462 U.S. 213, 239, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983)) ("An affidavit must contain sufficient underlying facts and information upon which a magistrate may make a determination of probable cause. [citations omitted] Mere conclusory statements which give the magistrate no basis to make a judgment regarding probable cause are insufficient.").

At his deposition, Oliver, the investigating officer for the Sheriff's Department, testified he sought the arrest warrant for Gist based on McDonald positively identifying Gist in a photographic lineup. He further testified that, although the warrant does not reference the photographic lineup, he told the judge about it orally. The record does not contain any evidence as to whether the affidavit was accompanied by sworn, oral testimony before the judge.

Furthermore, there is an issue of material fact concerning whether a photographic lineup occurred. In her deposition, McDonald said Oliver showed her four or five different photos. Because she gave her deposition over five years after the robbery, her memory was sketchy. She could not remember if the photos were head shots or family pictures. She remembered telling Oliver one of the photos may have been the

robber, but she could not remember whether the robber wore glasses. She recalled Oliver telling her to picture the person in the photograph with or without glasses.

Oliver said he showed McDonald six photographs from which she identified Gist. The file, however, does not reference a photographic lineup, nor does it contain the other photographs. The file only contains a supplemental report in which Oliver wrote:

On 5–28–92 I met with the victim McDonald, Martha. Ms. McDonald was shown a copy of a S.C. Drivers licence and asked if she new (sic) the subject. Ms. McDonald stated, "Thats (sic) the guy who robbed me." I asked Ms. McDonald if she was positive, she stated yes. The only thing different was the mustash (sic) and the glasses, But she was positive that the person in the photo was and is the same person who robbed her at knife point. Investigation to continue.

According to Oliver, this report refers to another identification subsequent to the photographic lineup. Oliver testified McDonald came to see him at his office on May 28. She saw the picture of Gist in the file on his desk and identified Gist as the robber. Oliver testified the report referencing the photographic lineup was missing from the file. The officer who testified at the preliminary hearing, however, stated nothing in the file mentioned a photo lineup having been used.

Viewing the evidence in the light most favorable to Gist, we find a genuine issue of material fact exists as to whether the magistrate was presented sworn, oral testimony concerning a photographic lineup when the probable cause determination was made. There is also an issue of material fact concerning whether McDonald's identification of Gist was based on a proper photographic lineup or on a presentation of Gist's driver's license. Accordingly, we find the trial court erred in finding, as a matter of law, probable cause existed for Gist's arrest. Because issues of material fact exist, we reverse the trial court's grant of summary judgment to the Sheriff's Department. In so doing, we express no opinion on the merit of Gist's claim.

■ The trial court also held the Sheriff's Department could not be held liable for damages for false arrest because a

magistrate issued a warrant for Gist's arrest. This holding is erroneous. The Tort Claims Act states a governmental entity is not liable for a loss resulting from the "execution, enforcement, or implementation of the orders of any court or execution, enforcement or lawful implementation of any process...." S.C.Code Ann. § 15–78–60(3) (Supp.1998). In this case, however, the Sheriff's Department's liability does not arise from the "execution, enforcement, or implementation" of the magistrate's order. It arises from allegedly securing the warrant without probable cause. Therefore, the Sheriff's Department is not shielded from liability by the arrest warrant.

### *Expungement order*

■ Gist argues the trial court erred in finding the Sheriff's Department was disadvantaged in defending its case because Gist had obtained an expungement order. We agree.

Oliver testified the file was missing several reports. The officer who testified at the preliminary hearing stated he had the entire file with him, which contained an incident report, supplemental reports, and the victim's statement. He did not have any record of a photo lineup being presented to McDonald. In addition, Gist's criminal defense attorney stated he obtained copies of the incident report and supplemental reports prior to the order for destruction of the arrest records. The attorney asserted there was no mention in the records he received of a photographic lineup.

Viewing the evidence in the light most favorable to Gist, we find a genuine issue exists as to whether a record of a photographic lineup ever existed. The destruction of the record in this case prejudices Gist's case as much as it prejudices the Sheriff's Department's case. Therefore, the trial court erred in holding that the destruction of the record prejudiced the Sheriff's Department alone.

### *South Carolina Tort Claims Act*

■ Finally, Gist argues the trial court erred in holding Gist must prove gross negligence on the part of the Sheriff's Department to prevail on his claim for false arrest. We agree.

■ In order to prevail on a claim for false imprisonment, the plaintiff must establish: (1) the defendant restrained the

plaintiff, (2) the restraint was intentional, and (3) the restraint was unlawful. *Andrews v. Piedmont Air Lines,* 297 S.C. 367, 377 S.E.2d 127 (Ct.App.1989). False imprisonment is an intentional tort; negligence is not an element. *See Jeffcoat v. Caine,* 261 S.C. 75, 198 S.E.2d 258 (1973).

The Tort Claims Act provides:

> The State, an agency, a political subdivision, and a governmental entity are liable for their torts in the same manner and to the same extent as a private individual under like circumstances, subject to the limitations upon liability and damages, and exceptions from liability and damages contained therein.

S.C.Code Ann. § 15–78–40 (Supp.1998).

None of the exceptions from liability impose a standard of gross negligence on the torts of false arrest and imprisonment. *See* S.C.Code Ann. § 15–78–60 (Supp.1998). *Wortman,* the case decided under the Tort Claims Act, did not include gross negligence as an element of the torts. *See Wortman v. Spartanburg,* 310 S.C. 1, 425 S.E.2d 18 (1992). We find the gross negligence standard is not applicable to the present case.

For the foregoing reasons, the trial court's grant of summary judgment is reversed and the case is remanded for further proceedings.

**REVERSED AND REMANDED.**

CURETON, ANDERSON and STILWELL, JJ., concur.