**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 08-2005**
_____

HOPE DORN,

                    Plaintiff - Appellee,

          v.

THE TOWN OF PROSPERITY,

                    Defendant – Appellant,

          and

CRAIG NELSON, individually as an officer with the Town of
Prosperity Police Department,

                    Defendant.

_____

Appeal from the United States District Court for the District of
South Carolina, at Anderson.  R. Bryan Harwell, District Judge.
(8:06-cv-02571-RBH)

_____

Argued:  December 1, 2009          Decided:  March 18, 2010

_____

Before KING and SHEDD, Circuit Judges, and John Preston BAILEY,
Chief United States District Judge for the Northern District of
West Virginia, sitting by designation.

_____

Reversed by unpublished opinion.  Judge Bailey wrote the
opinion, in which Judge King and Judge Shedd joined.

Andrew Lindemann, DAVIDSON & LINDEMANN, PA, Columbia, South Carolina, for Appellant. John Christopher Mills, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

BAILEY, Chief District Judge:

The Town of Prosperity, South Carolina, appeals a judgment rendered against it on the basis that there can be no false arrest under South Carolina law where the arrest was effectuated pursuant to a facially valid arrest warrant. We agree and reverse the judgment.

I.

This case arises out of the arrest of the plaintiff-appellee, Hope Dorn, on May 25, 2005, on a warrant for the municipal offense of obstructing a police officer. The affidavit for the warrant, which was sworn by Defendant Officer Craig Nelson of the Town of Prosperity Police Department, cites an incident that occurred two days prior, on May 23, 2005. On that evening, Dorn had been to dinner with her fiancee, Kevin Lathrop, and her child. While returning to her residence, Dorn and Lathrop had an argument. Dorn and her child left the vehicle and began to walk home. Lathrop continued, at a high rate of speed, in the direction of Dorn's residence, had an altercation with Dorn's neighbors, and then left the area after spinning his tires and briefly losing control of his vehicle. The neighbors contacted the Town of Prosperity Police Department, and Officer Nelson responded.

3

At the scene, Dorn approached Officer Nelson and spoke with him. What occurred between Dorn and Nelson is disputed. Dorn testified that she identified herself to Officer Nelson and that she identified Lathrop as the probable driver of the vehicle. Dorn further testified that Lathrop called her cell phone and that she requested Lathrop to return to the scene to speak with Nelson. In contrast, Nelson testified that Dorn refused to identify herself beyond giving her first name and place of employment. Nelson further testified that Dorn spoke to Lathrop by cell phone and advised him not to return to the scene or he would be arrested.

On the following day, May 24, 2005, Officer Nelson sought an arrest warrant on the municipal offense of obstructing a police officer. This warrant was issued by the Municipal Judge. Dorn was subsequently arrested by deputies with the Newberry County Sheriff's Department. The charge was later nolle prossed by the Police Chief.

II.

Ms. Dorn filed this action for money damages in district court bringing three causes of action: (1) a 42 U.S.C. § 1983 Fourth Amendment claim against Defendant Nelson, individually, for arresting and prosecuting Dorn without probable cause; (2) a

4

pendent common law false arrest claim against Defendant-Appellant the Town of Prosperity ("Town") for arresting Dorn without probable cause; and (3) a pendent common law malicious prosecution claim against the Town and/or Nelson, individually, for prosecuting Dorn on the charge of obstructing a police officer. However, prior to submission of the case to the jury, Dorn withdrew her malicious prosecution claim. With regard to the two remaining claims, the jury returned a verdict in favor of Dorn on the common law false arrest claim and in favor of Nelson on the Fourth Amendment claim. Judgment in the amount of $23,500.00 was entered against the Town. Thereafter, the Town filed a post-trial motion for judgment as a matter of law on the common law false arrest claim. The motion was denied by the district court. The Town filed a timely appeal.

## III.

Inasmuch as the arresting officer was found not liable on the federal civil rights claim, the issue presented by this appeal is whether the arrest, pursuant to a facially valid warrant, can satisfy the state law requirements of false arrest.

"At common law, allegations that a warrantless arrest or imprisonment was not supported by probable cause advanced a claim of false arrest or imprisonment. ... However, allegations

5

that an arrest made pursuant to a warrant was not supported by probable cause, or claims seeking damages for a period after legal process issued, are analogous to the common-law tort of malicious prosecution." Porterfield v. Lott, 156 F.3d 563, 568 (4th Cir. 1998) (quoting Brooks v. City of Winston-Salem, 85 F.3d 178, 181-82 (4th Cir. 1996)).

In Brooks, an action under 42 U.S.C. § 1983, "we held that a public official cannot be charged with false arrest when he arrests a defendant pursuant to a facially valid warrant. At most, such an official can be pursued through a cause of action for malicious prosecution." Porterfield, 156 F.3d at 568.

The distinction between malicious prosecution and false arrest in this situation is whether the arrest was made pursuant to a warrant. "As a general rule, an unlawful arrest pursuant to a warrant will be more closely analogous to the common law tort of malicious prosecution. An arrest warrant constitutes legal process, and it is the tort of malicious prosecution that permits damages for confinement pursuant to legal process. On the other hand, wrongful warrantless arrests typically resemble the tort of false arrest." Calero-Colon v. Betancourt-Lebron, 68 F.3d 1, 4 (1st Cir. 1995) (citing Singer v. Fulton County Sheriff, 63 F.3d 110, 115-16 (2d Cir. 1995)).

6

In a 2008 opinion, the South Carolina District Court reiterated the standards for a cause of action for false arrest under 42 U.S.C. § 1983:

> A claim that a *warrantless* arrest is not supported by probable cause constitutes a cause of action for false arrest as opposed to malicious prosecution. See Brooks v. City of Winston-Salem, 85 F.3d 178, 181 (4th Cir. 1996). As a result, a false arrest claim must fail where it is made "pursuant to a facially valid warrant." Porterfield v. Lott, 156 F.3d 563, 568 (4th Cir. 1998); see also Brooks, 85 F.3d at 181. It is undisputed that the plaintiff's arrest was made pursuant to a facially valid warrant. The plaintiff has not challenged either the fact that a magistrate issued a warrant for his arrest or that it was facially valid. In fact, he has confirmed that a warrant was so issued and that he was arrested pursuant to it. At most, therefore, the plaintiff can allege only "a cause of action for malicious prosecution" based on an alleged lack of probable cause for seeking and issuing the warrant in the first instance. Porterfield, 156 F.3d at 568; see also Brooks, 85 F.3d at 181 ("However, allegations that an arrest made pursuant to a warrant was not supported by probable cause, or claims seeking damages for the period after legal process issued, are analogous to the common-law tort of malicious prosecution.")

Medows v. City of Cayce, No. 3:07-409, 2008 WL 2537131 at *3 (D.S.C. June 24, 2008) (emphasis in original). See also Richmond v. Pieterse, No. 8:08-3173, 2009 WL 2781972 at *4 (D.S.C. Aug. 27, 2009).

South Carolina appears to agree. In 1900, the Supreme Court of South Carolina held that false arrest proceeds upon the theory that the plaintiff has been arrested without authority of

7

the law, while an action for malicious prosecution proceeds upon the theory that the plaintiff has been lawfully arrested under a warrant charging a criminal offense, but that such prosecution is malicious and without probable cause. Whaley v. Lawton, 35 S.E. 741, 743 (1900) (citing McConnell v. Kennedy, 7 S.E. 76 (1888)).

In Bushardt v. United Inv. Co., 113 S.E. 637 (1922), the South Carolina Supreme Court stated that:

> It has been definitely decided in this jurisdiction that where one is "properly arrested by lawful authority," "an action for false imprisonment cannot be maintained against the party causing the arrest." Barfield v. Coker, 73 S. C. 192, 53 S. E. 170; McHugh v. Pundt, 1 Bailey, 441; McConnell v. Kennedy, 29 S. C. 187, 7 S. E. 76; Whaley v. Lawton, 62 S. C. 91, 40 S. E. 128, 56 L. R. A. 649. If a lawful arrest has been improvidently procured, without probable cause, the plaintiff's remedy lies in an action for malicious prosecution, in which action the necessary element of malice may be inferred as a fact from the want of probable cause. Graham v. Bell, 1 Nott & McC. 278, 9 Am. Dec. 687; Stoddard v. Roland, 31 S. C. 344, 9 S. E. 1027; Hogg v. Pinckney, 16 S. C. 400; China v. S. A. L. Ry. Co., 107 S. C. 179, 92 S. E. 335.

113 S.E. at 639.

In the McConnell decision, relied on in Bushardt, the Supreme Court of South Carolina had explained:

> It seems to us that the gist of the action for false imprisonment is that one has been restrained of his liberty without lawful authority; and, where it appears that the restraint or imprisonment complained of is under lawful process, the action must necessarily fail. It is quite true that one arrested

8

and restrained of his liberty, even under lawful process, may have a cause of action, if it is alleged and shown that the prosecution was malicious, and was without probable cause, and has terminated; but that is a different cause of action, and depends upon different allegations and proofs, and the action for malicious prosecution must not be confounded with an action for false imprisonment.

McConnell, 7 S.E. at 78.

More than fifty years after Bushardt, the Court of Appeals held that a claim of false arrest did not lie where the plaintiff was arrested pursuant to a warrant. Watkins v. Mobil Oil Corp., 313 S.E.2d 641 (S.C. Ct. App. 1984). The Court stated:

The dispositive rule of law of this case is well stated in Bushardt v. United Inv. Co., 121 S.C. 324, 113 S.E. 637 (1922). In essence this case holds that where one is lawfully arrested by lawful authority, an action for false imprisonment cannot be maintained against the party causing the arrest.

313 S.E.2d at 642. Accord Manley v. Manley, 353 S.E.2d 312, 314-15 (S.C. Ct. App. 1987) ("Even if the arrest is improvidently procured, the wronged party's remedy lies in an action for malicious prosecution.").

In 1985, the Supreme Court of South Carolina abolished the doctrine of sovereign immunity as it applied to the state and all local subdivisions, subject to certain qualifications. McCall v. Batson, 329 S.E.2d 741 (1985).

9

In James v. Fast Fare, Inc., 685 F. Supp. 565, 566-67 (D.S.C. 1988), the District Court held that where a person is arrested by law enforcement personnel pursuant to a facially valid warrant, "there can be no cause of action for false imprisonment asserted against the party causing the arrest, because the arrest has been made pursuant to lawful authority," citing Watkins, supra.

Ms. Dorn relies upon Gist v. Berkeley County Sheriff's Dept., 521 S.E.2d 163 (1999). This is a *per curiam* opinion from the South Carolina Court of Appeals, in which the court reversed a grant of summary judgment in favor of the Sheriff's Department. The decision focused on the standard for finding liability under the South Carolina Tort Claims Act, § 15-78-60(3),[*] rather than the elements of a valid claim for false arrest. In its decision, the Court of Appeals relied upon two cases, both of which cases involved warrantless arrests; Jones v. City of Columbia, 389 S.E.2d 662 (1990), and Wortman v. Spartanburg, 425 S.E.2d 18 (1992). The decision did not

---

[*] "In 1986, the legislature enacted the South Carolina Tort Claims Act, S.C. Code Ann. §§ 15-78-10 to -200 (Supp. 1997), which waives immunity while also providing specific, enumerated exceptions limiting the liability of the state and its political subdivisions in certain circumstances. The Tort Claims Act 'is the exclusive civil remedy available for any tort committed by a governmental entity, its employees, or its agents except as provided in § 15-78-70(b).'" Wells v. City of Lynchburg, 501 S.E.2d 746, 749 (S.C. Ct. App. 1998).

10

discuss, nor could the Court of Appeals overrule, the long-standing precedent in South Carolina that there can be no claim for false arrest where the arrest is effectuated pursuant to a facially valid warrant.

The subsequent case of Law v. South Carolina Dept. of Corrections, 629 S.E.2d 642 (2006), falls into the same trap. The decision, relying on Gist, finds that the fundamental issue in determining the lawfulness of an arrest is whether there was probable cause to make the arrest. This is true in the situation of a warrantless arrest. Again, the decision did not discuss, let alone overrule, the long-standing precedent in South Carolina that there can be no claim for false arrest where the arrest is effectuated pursuant to a facially valid warrant. Furthermore, in Law, the Court reiterated the elements of a false arrest claim. The first element enumerated is "that the defendant restrained the plaintiff." 629 S.E.2d at 651. In the present case, the Town of Prosperity did not restrain the plaintiff. Rather, the plaintiff was arrested and restrained by the Newberry County Sheriff's Department.

Subsequently, the South Carolina District Court, in Mitchell v. Cannon, No. 2:07-cv-3259, 2009 WL 824202 at *5 (D.S.C. March 26, 2009), stated that "a plaintiff may not maintain a cause of action for false imprisonment where he has

been arrested by law enforcement pursuant to a valid arrest warrant. Jones v. City of Columbia, 389 S.E.2d 662, 663 (S.C. 1990) ('An action for false imprisonment cannot be maintained where one is arrested by lawful authority.')."

Finally, in Campbell v. McIlwain, No. 8:09-1156, 2009 WL 2176241 (D.S.C. July 20, 2009), the District Court reiterated the rule that there can be no claim for false arrest where a defendant is arrested pursuant to a facially valid warrant and noted that "[i]t is not the duty of the arresting officer to assess guilt or innocence, but merely to serve the warrant." In its opinion, the Court added that "[a]n arresting officer is generally entitled to rely on a facially valid warrant in effecting an arrest." Id. At *4.

Based upon the foregoing precedent, we follow the South Carolina rule that there can be no claim for false arrest where a person is arrested pursuant to a facially valid warrant. Since Ms. Dorn was arrested pursuant to a facially valid warrant her judgment against the Town of Prosperity for false arrest must be reversed.

REVERSED

12