**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Demetrius Mack, Respondent,

v.

Leon Lott, in his Official Capacity as Sheriff of Richland County, Appellant.

Appellate Case No. 2012-212277

———————

Appeal From Richland County
DeAndrea G. Benjamin, Circuit Court Judge

———————

Opinion No. 2014-UP-493
Heard April 7, 2014 – Filed July 23, 2014

———————

**REMANDED**

———————

Robert David Garfield and Andrew F. Lindemann, Davidson & Lindemann, PA, both of Columbia, for Appellant.

Joshua Snow Kendrick and Christopher Shannon Leonard, Kendrick & Leonard, P.C., both of Columbia, and Neal Michael Lourie, Lourie Law Firm, LLC, of Columbia, for Respondent.

———————

**FEW, C.J.:**  The Richland County Sheriff's Department arrested Demetrius Mack—a licensed private security officer—for simple assault after Mack chased, apprehended, and handcuffed McKenzie Williamson for trespassing at the business where Mack was working.  Mack brought suit for false imprisonment against Leon Lott, in his official capacity as Sheriff of Richland County.  After a bench trial, the court awarded Mack $7,500 in actual damages, finding the Sheriff lacked probable cause to arrest Mack.  We remand for more detailed factual findings as required under Rule 52(a) of the South Carolina Rules of Civil Procedure.

## I.      Facts and Procedural History

On December 6, 2008, Mack worked as a licensed security officer for D.T.H. Protective Services, which provided security to Club Essence, a nightclub on Weir Avenue in Columbia.

That evening, Williamson attempted several times to enter the club without paying the required cover charge.  The fourth time Williamson attempted to enter, Mack approached him, and Williamson "took off" running away from the club.  Mack chased Williamson and eventually arrested him.  At some point during the chase and arrest, Williamson was injured.

Senior Corporal James Gore of the Richland County Sheriff's Department witnessed the incident while making an unrelated narcotics arrest approximately 200 yards from Mack and Williamson.  After Gore observed Williamson's injuries, he arrested Mack for simple assault.  Gore testified he arrested Mack "because he chased [Williamson] into the road and tackled him."  Gore explained, "I knew for a fact that [Mack] had no jurisdiction in that roadway, being a private security guard."  He later testified, however, "I gave Mr. Williamson the option if he wanted to press charges.  And he told me 'yes.'  And that was the only reason I took [Mack]."

Mack filed suit for false imprisonment.  At trial, Gore testified that sometime between 2:00 and 3:00 a.m. he observed

> one guy running out of the [club] parking lot with another guy chasing him.  The second guy caught up to him, tackled him in the road by the waist and landed in the road in front of a car.  And then after that I could see

what appeared to be motions of somebody being handcuffed.

Mack then testified as to how Williamson incurred his injuries:

> I noticed [Williamson] looking back at me to see if I was still coming at him, he looked up top and saw the county car up there. That is when he tried to cut—wanted to cut between the two cars and go through the yard. But the gravel hit his feet and his shoe went one way and he went the other way and went face-first into that car . . . halfway under it. [He] fell between those two cars and he fell face-first under that car, in the people's yard.

## II. Probable Cause

To establish a claim for false imprisonment, the plaintiff must prove three elements: (1) the defendant restrained the plaintiff, (2) the restraint was intentional, and (3) the restraint was unlawful. *Argoe v. Three Rivers Behavioral Health, L.L.C.*, 392 S.C. 462, 473, 710 S.E.2d 67, 73 (2011); *Gist v. Berkeley Cnty. Sheriff's Dep't.*, 336 S.C. 611, 618-19, 521 S.E.2d 163, 167 (Ct. App. 1999). "The fundamental issue in determining the lawfulness of an arrest is whether there was probable cause to make the arrest." *Law v. S.C. Dep't. of Corrs.*, 368 S.C. 424, 441, 629 S.E.2d 642, 651 (2006). "'Probable cause to arrest depends upon whether . . . the facts and circumstances within the arresting officers' knowledge and of which they had reasonably trustworthy information [were] sufficient to warrant a prudent man in believing that the suspect had committed . . . an offense.'" *Robinson v. State*, 407 S.C. 169, 190 n.11, 754 S.E.2d 862, 873 n.11 (2014) (quoting *Adams v. Williams*, 407 U.S. 143, 148, 92 S. Ct. 1921, 1924, 32 L. Ed. 2d 612, 618 (1972)).

The Sheriff contends Gore had probable cause to arrest Mack, and therefore, the trial court erred in awarding Mack damages for false imprisonment. Because Mack was a licensed security officer working at Club Essence, Mack had authority to arrest Williamson so long as the arrest occurred on the property where the club was located. *See* S.C. Code Ann. § 40-18-110 (2011) (providing "[a] person who is . . . licensed . . . and who is hired or employed to provide security services on specific property is granted the authority and arrest power given to sheriff's deputies" but "only on the property on which he is employed"). If Mack arrested

Williamson on Club Essence property, any assault Mack committed during the arrest was lawful. However, if Williamson was in the roadway when Mack arrested him, Mack acted without legal authority to make the arrest and would be guilty of assault. Therefore, Gore had probable cause to arrest Mack if Gore reasonably believed Mack arrested Williamson in the road—not on Club Essence property. To state the factual issue in terms of the elements of false imprisonment, Mack was required to prove as a matter of fact that Gore did not reasonably believe Mack arrested Williamson in the road. Rule 52(a), SCRCP, required the trial court to "find the facts specially" as to whether Mack met his burden of proving that element.

Although the trial court correctly recited the definition of probable cause, it did not make the factual finding necessary to support its ruling that Gore lacked probable cause. The only factual findings the trial court made regarding the non-existence of probable cause are conclusory—"a realistic assessment of the evidence in this case doesn't show that a crime had been committed by [Mack] on December 8, 2008 at the time of his arrest" and "[Senior Corporal Gore] did not have probable cause to arrest [Mack] for simple assault on December 8, 2008." These findings do not address the primary factual issue in the case—whether Gore reasonably believed Mack was off Club Essence property at the time he arrested Williamson. Thus, the trial court failed to provide a clear factual basis for its conclusion that no probable cause existed. *See In re Treatment and Care of Luckabaugh*, 351 S.C. 122, 133, 568 S.E.2d 338, 343 (2002) ("The absence of factual findings makes our task of reviewing the court order impossible because the reasons underlying the decision [are] left to speculation." (alteration in original) (internal quotation marks and citations omitted)).

Because the trial court's findings of fact are insufficient under Rule 52(a), we remand for more detailed findings as to whether Mack met his burden of proving Gore did not have probable cause to arrest him.

**REMANDED.**

**SHORT and GEATHERS, JJ., concur.**