**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Norris Earl White, Jr., Appellant,

v.

City of North Charleston, Respondent.

Appellate Case No. 2017-001930

Appeal From Charleston County
Kristi Lea Harrington, Circuit Court Judge

Unpublished Opinion No. 2020-UP-231
Submitted March 16, 2020 – Filed August 5, 2020

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED**

Milton Demetrios Stratos, II, of Joye Law Firm, LLP, of North Charleston, for Appellant.

Robin Lilley Jackson, of Senn Legal, LLC, of Charleston, for Respondent.

**PER CURIAM:** After he was arrested at a Waffle House in 2013 by the City of North Charleston (the City) police for disorderly conduct and resisting arrest, Norris Earl White, Jr. sued the City for (1) assault and battery, (2) false arrest, (3) false imprisonment, (4) "negligence/gross negligence," (5) malicious prosecution, and (6)

unlawful search and seizure.[1]  The circuit court granted the City summary judgment in a brief Form 4 order.  White now appeals, arguing the circuit court erred in (1) ruling that no private right of action existed for his claims of false arrest, false imprisonment, and negligence; (2) holding his claims to a gross negligence standard; (3) granting the City immunity under the South Carolina Torts Claim Act[2] (the Act); (4) granting summary judgment in favor of the City because there was a genuine dispute as to whether his arrest was supported by probable cause; and (5) considering four affidavits submitted by the City that White contends were either untimely or constituted "sham" affidavits.  We affirm in part, reverse in part, and remand.[3]

## I.  STANDARD OF REVIEW

"In reviewing a motion for summary judgment, the appellate court applies the same standard of review as the trial court under Rule 56(c), SCRCP."  *Companion Prop. & Cas. Ins. Co. v. Airborne Exp., Inc.*, 369 S.C. 388, 390, 631 S.E.2d 915, 916 (Ct. App. 2006).  "Summary judgment should be affirmed if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law."  *Id.* "Our standard of review in evaluating a motion for summary judgment is to liberally construe the record in favor of the nonmoving party and give the nonmoving party the benefit of all favorable inferences that might reasonably be drawn therefrom." *Id.* at 390–91, 631 S.E.2d at 916 (quoting *Estes v. Roper Temp. Servs., Inc.*, 304 S.C. 120, 121, 403 S.E.2d 157, 158 (Ct. App. 1991)).  The nonmoving party "is only required to submit a mere scintilla of evidence in order to withstand a motion for summary judgment."  *Huffman v. Sunshine Recycling, LLC*, 426 S.C. 262, 271, 826 S.E.2d 609, 614 (2019) (quoting *Hancock v. Mid-S. Mgmt. Co.*, 381 S.C. 326, 330, 673 S.E.2d 801, 803 (2009)).

## II.  PRIVATE RIGHT OF ACTION

The circuit court erred in ruling there was no private right of action for false arrest and false imprisonment against the City.  *See* § 15-78-40 ("The State, an agency, a political subdivision, and a governmental entity are liable for their torts in the same manner and to the same extent as a private individual under like circumstances, subject to the limitations upon liability and damages, and exemptions from liability

---

[1] White also sued the City for negligent hiring, training, and supervision and intentional infliction of emotional distress.  However, these claims are not at issue on appeal.

[2] S.C. Code Ann. §§ 15-78-10 to -220 (2005 & Supp. 2013).

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.

and damages, contained herein."); § 15-78-200 (stating the Act "is the exclusive and sole remedy for any tort committed by an employee of a governmental entity while acting within the scope of the employee's official duty"); *id.* ("The provisions of [the Act] establish limitations on and exemptions to the liability of the governmental entity and must be liberally construed in favor of limiting the liability of the governmental entity.").  Although White alleged his state constitutional rights were violated, he asserted false arrest and false imprisonment as common law torts, which may be brought against the City.  *Compare Jones v. City of Columbia*, 301 S.C. 62, 64–65, 389 S.E.2d 662, 663 (1990) (discussing false arrest and false imprisonment claims brought against the City of Columbia), *with Palmer v. State*, 427 S.C. 36, 44–46, 829 S.E.2d 255, 260–61 (Ct. App. 2019) (discussing how South Carolina has not recognized private causes of action for violations of the state constitution), *petition for cert. filed* (S.C. Aug. 6, 2019).[4]

## III.  NEGLIGENCE/GROSS NEGLIGENCE

We find White abandoned his claim for negligence, including gross negligence. White's entire argument in support of this claim is a mere conclusory statement "that there [were] abundant facts that at least create an issue" of material fact.  *See Ellie, Inc. v. Miccichi*, 358 S.C. 78, 99, 594 S.E.2d 485, 496 (Ct. App. 2004) ("Numerous cases have held that where an issue is not argued within the body of the brief but is only a short conclusory statement, it is abandoned on appeal.").

## IV.  IMMUNITY

The circuit court erred in ruling discretionary immunity barred White's claims as a matter of law because there is a genuine issue of material fact as to whether Officer Christopher Arroyo weighed competing considerations, utilized professional standards, and made a conscious choice during his encounter with White.  *See*

---

[4] To the extent White asserts the circuit court erred in granting summary judgment on his negligence claim because there was no private right of action, we note the circuit court did not grant summary judgment on this ground.  Additionally, to the extent White argues the circuit court erred in holding that there was no private right of action for his "unlawful search and seizure" claim, we note White listed this claim in his issues on appeal, but he "voluntarily withdrew" this claim in his brief and did not argue it in the body of his brief.  *Cf. Jinks v. Richland County*, 355 S.C. 341, 344 n.3, 585 S.E.2d 281, 283 n.3 (2003) (stating that when a party raises an issue on appeal but fails to argue the issue in "the body of its brief, the issue is deemed abandoned").

§ 15-78-60(5) (stating governmental entities are not liable for losses "resulting from . . . the exercise of discretion or judgment by the governmental entity or employee or the performance or failure to perform any act or service which is in the discretion or judgment of the governmental entity or employee"); *Clark v. S.C. Dep't of Pub. Safety*, 362 S.C. 377, 386, 608 S.E.2d 573, 578 (2005) ("The burden of establishing an exception to the waiver of immunity is on the governmental entity asserting the defense."); *id.* ("To establish discretionary immunity, the governmental entity must prove its employees, faced with alternatives, actually weighed competing considerations and made a conscious choice."); *id.* ("The governmental entity must show that in weighing the competing considerations and alternatives, it utilized accepted professional standards appropriate to resolve the issue before them."); *id.* ("Mere room for discretion on the part of the entity is not sufficient to invoke the discretionary immunity provision.").

We also find the circuit court erred in relying on section 15-78-60(17) in granting summary judgment to the City on White's claims. *See* § 15-78-60(17) ("The governmental entity is not liable for a loss resulting from . . . employee conduct outside the scope of his official duties or which constitutes actual fraud, actual malice, *intent to harm*, or a crime involving moral turpitude . . . ." (emphasis added)). Initially, we note the City concedes in its brief that "the intent to harm exception only applies to the [a]ssault and [b]attery cause of action." *See Shorb v. Shorb*, 372 S.C. 623, 628 n.3, 643 S.E.2d 124, 127 n.3 (Ct. App. 2007) (stating a party is bound by its concession in its appellate brief). As to the assault and battery claims, while these are intentional torts, they do not require an intent to harm as an essential element. *See Mellen v. Lane*, 377 S.C. 261, 276, 659 S.E.2d 236, 244 (Ct. App. 2008) ("An 'assault' is an attempt or offer, with force or violence, to inflict bodily harm on another or engage in some offensive conduct."); *id.* ("The elements of assault are: (1) conduct of the defendant which places the plaintiff, (2) in reasonable fear of bodily harm."); *id.* at 277, 659 S.E.2d at 244 ("A battery is the actual infliction of any unlawful, unauthorized violence on the person of another, irrespective of its degree; it is unnecessary that the contact be by a blow, as any forcible contact is sufficient . . . ." (quoting *Gathers v. Harris Teeter Supermarket, Inc.*, 282 S.C. 220, 230, 317 S.E.2d 748, 754 (Ct. App. 1984))); *id.* at 277, 659 S.E.2d at 245 ("In civil actions, the intent, while pertinent and relevant, is not an essential element. The rule, supported by the weight of authority, is that the defendant's intention does not enter into the case, for, if reasonable fear of bodily harm has been caused by the conduct of the defendant, this is an assault." (quoting *Herring v. Lawrence Warehouse Co.*, 222 S.C. 226, 241, 72 S.E.2d 453, 458 (1952))). Accordingly, the circuit court should not have granted immunity under this exception, as whether the officers' conduct constituted an intent to harm is a factual question for the jury.

# V. **PROBABLE CAUSE**

Next, we conclude the circuit court erred in granting summary judgment to the City on White's false arrest claim because there was a question of material fact as to whether Officer Arroyo had probable cause to arrest White. The affidavits submitted by White, the surveillance video, the depositions, and other evidence—when viewed in the light most favorable to White—demonstrate at least a scintilla of evidence that probable cause did not exist. *See Jones*, 301 S.C. at 64, 389 S.E.2d at 663 ("The essence of the tort of false imprisonment consists of depriving a person of his liberty without lawful justification."); *id.* ("An action for false imprisonment cannot be maintained where one is arrested by lawful authority."); *id.* at 65, 389 S.E.2d at 663 ("'Probable cause' is defined as a good faith belief that a person is guilty of a crime when this belief rests on such grounds as would induce an ordinarily prudent and cautious man, under the circumstances, to believe likewise."); *id.* ("South Carolina follows the minority rule that the issue of probable cause is a question of fact and ordinarily one for the jury."); *Carter v. Bryant*, 429 S.C. 298, 306, 838 S.E.2d 523, 527 (Ct. App. 2020) ("False arrest in South Carolina is also known as false imprisonment."), *petition for cert. filed* (S.C. Mar. 16, 2020); *id.* ("False arrest and false imprisonment overlap; the former is a species of the latter." (quoting *Wallace v. Kato*, 549 U.S. 384, 388 (2007))); City of N. Charleston, S.C., Code § 13-36 (Nov. 27, 2013) ("A person shall be guilty of disorderly conduct, which is hereby prohibited, if . . . his conduct is likely to cause . . . nuisance, he willfully does any of the following acts in a public place: . . . [m]akes or causes to be made any loud, boisterous or unreasonable noise or disturbance to the annoyance of any other persons nearby . . . ."). In addition, a factual issue exists as to whether Officer Arroyo was acting as an authorized agent or representative of Waffle House. *See* S.C. Code Ann. § 16-11-620 (2015) (providing that "any person who, having entered into [a] . . . place of business[] or on the premises of another person without having been warned fails and refuses, without good cause or good excuse, to leave immediately upon being ordered or requested to do so by the *person in possession or his agent or representative*" is guilty of a misdemeanor (emphasis added)).[5]

---

[5] To the extent White raises a malicious prosecution claim, we find this issue is unpreserved because White withdrew this claim at the summary judgment hearing. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("[A]n issue . . . must have been raised to and ruled upon [in circuit court] to be preserved for appellate review."); *TNS Mills, Inc. v. S.C. Dep't of Revenue*, 331 S.C. 611, 617, 503 S.E.2d 471, 474 (1998) ("An issue conceded [in circuit court] may not be argued on appeal.").

Given our conclusion that a genuine issue of material fact exists as to probable cause, and therefore, the circuit court erred in granting the City summary judgment on White's false arrest, false imprisonment, and assault and battery claims, we need not address White's claim that the circuit court erred in considering certain affidavits submitted by the City. The affidavits submitted by White, the videos, and other evidence in the record create a genuine dispute over the material factual issue of probable cause that the challenged affidavits of the City cannot remove, so it matters not whether the circuit court considered them. *See McCall v. Finley*, 294 S.C. 1, 4, 362 S.E.2d 26, 28 (Ct. App. 1987) ("Appellate courts recognize—or at least they should recognize—an overriding rule of civil procedure which says: whatever doesn't make any difference, doesn't matter.").

## VI. <u>CONCLUSION</u>

Based on the foregoing, we reverse and remand White's claims for false arrest, false imprisonment, and assault and battery for further proceedings consistent with this opinion. White's claims for unlawful search and seizure; negligence, including gross negligence; and malicious prosecution are either abandoned or not preserved for review. Accordingly, the decision of the circuit court is

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

**WILLIAMS, KONDUROS, and HILL, JJ., concur.**