# THE STATE OF SOUTH CAROLINA
## In The Court of Appeals

Bryan Okeith Seabrook, Appellant,

v.

Town of Mount Pleasant and Rae Wooten, in her Official
Capacity as Coroner of Charleston County, Defendants,

Of which Town of Mount Pleasant is the Respondent.

Appellate Case No. 2017-002532

———————

Appeal From Charleston County
J. C. Nicholson, Jr., Circuit Court Judge

———————

Opinion No. 5786
Heard September 9, 2020 – Filed December 23, 2020

———————

## AFFIRMED

———————

Mark Andrew Peper, Sr., of The Peper Law Firm, P.A.,
of Charleston, for Appellant.

Timothy Alan Domin and Daniel Paul Ranaldo, both of
Clawson & Staubes, LLC, of Charleston, for Respondent.

———————

**HEWITT, J.:** Bryan Seabrook brought this suit claiming the warrant for his arrest
was based on a false and misleading affidavit and the Town of Mount Pleasant was
liable for arresting and prosecuting him without probable cause. The circuit court
granted the Town a summary judgment. We affirm because the affidavit supports
probable cause even when its contents are changed as Seabrook proposes.

## BACKGROUND

Seabrook was arrested in 2013 roughly two months after he arrived at the hospital with his girlfriend's two-year-old grandson. The child was unconscious and died a short time later.

It quickly became evident that the child had been in the custody of only three adults that day: the child's mother, his grandmother, and Seabrook. Authorities also learned that the child had old bruises as well as fresh bruises and that the child's fatal injuries were likely not caused by a minor accident.

As time went on, suspicion increasingly pointed to Seabrook. The medical examiner reportedly told police that although the child had new and old injuries, the fatal injury likely occurred within the last twenty-four hours, would have been extremely painful, and the child would not have acted normally afterwards. This implicated Seabrook because nobody contested the child was happy and eating when the child was left in Seabrook's exclusive care starting around 4:30 in the afternoon. Also, the child's three and four-year-old sisters said that they saw Seabrook strike their brother, that Seabrook instructed them to keep this a secret, and that Seabrook told them their brother had gone to heaven.

Police coordinated with the solicitor's office and secured a warrant for Seabrook's arrest shortly after their conversation with the medical examiner. Seabrook was arrested in May 2013 and later indicted for homicide by child abuse.

Seabrook did not post bond for about a year and a half. About a year after he did post bond, the solicitor's office dropped the charges. Among other things, the solicitor noted the medical examiner's revised opinion that stated the fatal injury could have resulted from a minor blow that aggravated the child's previous injuries. Seabrook filed this suit not long after his criminal charge was dropped.

Seabrook's complaint contained three causes of action—false arrest, gross negligence, and malicious prosecution—but his overarching argument was that the arrest warrant relied on an affidavit containing false and misleading statements.

The circuit court granted the Town's motion for summary judgment for a number of reasons. Included among them was that probable cause to arrest Seabrook existed as a matter of law, even taking into consideration the alleged omissions and mistakes during the warrant process.

**ANALYSIS**

We begin by specifying the appropriate claim for this sort of circumstance. There is no viable claim in this case for false arrest. Seabrook's able counsel candidly conceded the arrest warrant was valid on its face. Precedent explains "one arrested pursuant to a facially valid warrant has no cause of action for false arrest." *Carter v. Bryant*, 429 S.C. 298, 306, 838 S.E.2d 523, 528 (Ct. App. 2020). If the arrest nevertheless lacked probable cause, the appropriate claim is for malicious prosecution. *Id.*

There is also no viable claim for negligence or gross negligence. Seabrook contends the officers negligently arrested him without probable cause. This is indistinguishable from his malicious prosecution claim.

The parties concede the Town would be liable if officers misstated or omitted material facts during the warrant process and did so intentionally or recklessly. It is a well-settled feature of criminal law that someone arrested pursuant to a facially valid warrant may bring a post-arrest challenge to probable cause if evidence shows the police misled the magistrate either recklessly or on purpose. *See Franks v. Delaware*, 438 U.S. 154 (1978). We mentioned in *Carter* that although some other courts have held it is logical to extend this feature of criminal law to civil tort claims, we were not aware of a South Carolina decision that did so. 429 S.C. at 311–12, 838 S.E.2d at 530–31. We apply this framework here because the parties have accepted it.

The warrant in this case was based on a police officer's affidavit. Seabrook contends three sentences in the affidavit contain false and misleading information.

First, Seabrook claims the police misrepresented who was supervising the child before the child died. The officer wrote in the affidavit that Seabrook had custody of the child on the day of the child's death and "sole custody" after 4 o'clock. Seabrook says three adults supervised the child on the day in question and the child was not in Seabrook's sole custody until 4:30.

Second, Seabrook disputes the description of the child's injuries. The affidavit explained the child suffered "fatal acute abdominal injuries, resulting from blunt force trauma." Seabrook believes this implies the fatal blow was inflicted shortly before the child died and is not faithful to the medical examiner's explanation that an "acute" injury is an injury occurring in the last twenty-four hours.

Third and finally, Seabrook believes the affidavit wrongly suggested there were onlookers who could definitively say Seabrook inflicted the fatal blow. The affidavit

stated "eyewitnesses" reported seeing Seabrook strike the child shortly before the child became unresponsive. Seabrook claims the affidavit should have mentioned that the witnesses were the child's three and four-year-old sisters and that there was some question about what the children could reliably say, given their ages.

We agree with the circuit court that the affidavit would support probable cause even if it was revised as Seabrook proposes. There is no *Franks* violation if the "corrected" affidavit establishes probable cause. *See State v. Missouri*, 337 S.C. 548, 554, 524 S.E.2d 394, 397 (1999). Probable cause is not an exacting standard. It only requires evidence that would cause "an ordinarily prudent and cautious person" to have a good faith belief that the arrestee is guilty of a crime. *Wortman v. Spartanburg*, 310 S.C. 1, 4, 425 S.E.2d 18, 20 (1992).

We understand Seabrook's desire that the affidavit specify precisely when he assumed sole custody of the child, explain that the fatal injury could have occurred up to twenty-four hours before the child's death, and disclose that the witnesses who reported seeing Seabrook strike the child were young children. Still, these revisions do not change the affidavit's core facts. Hospital staff deemed the child's death to be suspicious. A medical investigator opined the fatal injury was likely inflicted within twenty-four hours of the child's death. Seabrook brought the child to the hospital after the child had been in Seabrook's exclusive custody for over an hour. The child's young siblings told authorities they witnessed Seabrook strike the child.

It is worth mentioning that many police officers are not lawyers and that affidavits are often written "in the midst and haste of a criminal investigation." *United States v. Ventresca*, 380 U.S. 102, 108 (1965). Officers "cannot be expected to include in an affidavit every piece of information gathered in the course of an investigation." *United States v. Colkley*, 899 F.2d 297, 300 (4th Cir. 1990). Like the circuit court, we are convinced the core facts noted above would lead someone of ordinary prudence to form a good faith belief Seabrook was guilty of a crime.

Finally, we respectfully disagree with Seabrook's argument that this case is controlled by precedent explaining South Carolina treats probable cause as a question of fact that must ordinarily go to the jury. *See, e.g., Jones v. City of Columbia*, 301 S.C. 62, 65, 389 S.E.2d 662, 663 (1990). Probable cause can "be decided as a matter of law when the evidence yields but one conclusion." *Law v. S.C. Dep't of Corr.*, 368 S.C. 424, 436, 629 S.E.2d 642, 649 (2006). This is not a situation like *Jones*, in which probable cause turns on a conflict in witness testimony.

Because this issue is dispositive, we decline to address Seabrook's remaining issues. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d

591, 598 (1999) (stating an appellate court need not address remaining issues when a prior issue is dispositive).

**CONCLUSION**

Based on the foregoing, the grant of summary judgment is

**AFFIRMED.**

**THOMAS and HILL, JJ., concur.**